## NEW YORK CENTRAL & HUDSON RIVER RAILROAD COMPANY v. TONSELLITO, AN INFANT, ETC.

## NEW YORK CENTRAL & HUDSON RIVER RAILROAD COMPANY v. TONSELLITO.

ERROR TO THE COURT OF ERRORS AND APPEALS OF THE STATE
OF NEW JERSEY.

Nos. 239, 240. Submitted April 30, 1917.—Decided June 4, 1917.

In an action under the Federal Employers' Liability Act the questions whether plaintiff was engaged in interstate commerce when injured, whether the railroad was negligent, whether he assumed the risk, and whether he was a mere volunteer, will not evoke discussion by this court where there was adequate evidence upon them for submission to the jury, where there was no evident, material error in the charge, where both state courts below have sustained the judgment, and no special circumstances are present demanding comment.

The Federal Employers' Liability Act does not allow the father a right of action for expenses and loss of service resulting from his minor son's injuries in addition to the son's right of action.

The rights of action provided by the Federal Employers' Liability Act are exclusive as to the cases which it covers and no other can be added by the law of a State. *New York Central R. R. Co. v. Winfield, ante, 147.*

87 N. J. L. 651, affirmed in part and reversed in part.

THE case is stated in the opinion.

Mr. *Albert C. Wall* and Mr. *John A. Hartpence* for plaintiff in error.

Mr. *Alexander Simpson* for defendants in error.

MR. JUSTICE McREYNOLDS delivered the opinion of the court.

By stipulation, these causes were tried together before the same jury and upon the same testimony. Michael

Tonsellito, an infant seventeen years old, suing by his father, James Tonsellito, as next friend and relying upon the Federal Employers' Liability Act, obtained a judgment for personal injuries suffered while employed by plaintiff in error—Number 239. These injuries, he alleged, resulted from negligence in constructing and maintaining its road-bed and in starting a locomotive without giving him a reasonable opportunity to climb thereon. James Tonsellito recovered for himself on account of expenses incurred for medical attention to his son and loss of the latter's services—Number 240. Both judgments were affirmed by the Court of Errors and Appeals. 87 N. J. L. 651.

Reversal is asked in the cause instituted by Michael Tonsellito because (1) he was not engaged in interstate commerce when injured; (2) no negligence by the railroad was shown; (3) he assumed the risk; and (4) he was a mere volunteer when the accident occurred. We think there was adequate evidence to justify submission of all these matters to the jury; and we are unable to say the charge contains material error. Both state courts have sustained the judgment; there are no special circumstances demanding comment; and it seems enough to announce our conclusion. *Great Northern Ry. Co.* v. *Knapp*, 240 U. S. 464, 466; *Erie Railroad Co.* v. *Welsh*, 242 U. S. 303.

The Court of Errors and Appeals ruled, and it is now maintained, that the right of action asserted by the father existed at common law and was not taken away by the Federal Employers' Liability Act. But the contrary view, we think, is clearly settled by our recent opinions in *New York Central R. R. Co.* v. *Winfield ante*, 147, and *Erie Railroad Co.* v. *Winfield, ante*, 170. There we held the act "is comprehensive and, also, exclusive" in respect of a railroad's liability for injuries suffered by its employees while engaging in interstate commerce. "It establishes a rule or regulation which is intended to op-

erate uniformly in all the States, as respects interstate commerce, and in that field it is both paramount and exclusive." Congress having declared when, how far, and to whom carriers shall be liable on account of accidents, in the specified class, such liability can neither be extended nor abridged by common or statutory laws of the State.

The judgment in Number 239 is

*Affirmed.*

In Number 240 the judgment below is reversed and the cause remanded for further proceedings not inconsistent with this opinion.

*Reversed.*

MR. JUSTICE BRANDEIS concurs in the result announced in No. 240.