ARTHUR M. CLOSE BY HIS NEXT FRIEND

*vs.*

PORTLAND TERMINAL COMPANY.

Cumberland.          Opinion March 11, 1929.

*William A. Connellan,* for plaintiff.
*Charles B. Carter,* for defendant.

SITTING: PHILBROOK, DEASY, BASSETT, PATTANGALL, JJ.
DUNN, STURGIS, BARNES, JJ., nonconcurring.

BASSETT, J.    Action on the case for personal injuries, brought under the Federal Employers' Liability Act by a minor seventeen years of age, unemancipated and living with his father, by the father as next friend.

The plaintiff claimed in his writ and declaration to recover for pain and suffering, hospital expenses, medical attendance and medicine required by reason of the injuries and for loss of wages due to the injuries, and offered evidence of such claims. The presiding Justice ruled that the plaintiff could not recover for the hospital and medical expenses and loss of wages, and excluded the evidence offered thereon, exceptions to which were duly taken by the plaintiff.

The jury returned a verdict for $300. The case comes up to this court on exceptions by the plaintiff to the rulings.

The Federal Employers' Liability Act, 35 Stat., 65, c. 149, was adopted April 22, 1908, and was amended April 5, 1910, 36 Stat., 291, c. 143, 8 U. S. Comp. Stats. Ann. 1916, Secs. 8657-8665; *Second Employers' Liability Cases,* 223 U. S., 6-10.

Section 1 of the original Act and unchanged provides:

"Every common carrier by railroad while engaging in commerce between any of the several States or Territories . . . shall be liable in damages to any person suffering injury while he is employed by such carrier in such commerce, or, in case of the death of such employee, to his or her personal representative, for the benefit of the surviving widow or husband and children of such employee; and, if none, then of such em-

ployee's parents; and, if none, then of the next of kin dependent upon such employee, for such injury or death resulting in whole or in part from the negligence of any of the officers, agents, or employees of such carrier or by reason of any defect or insufficiency, due to its negligence, in its cars, engines, appliances, machinery, track, roadbed, works, boats, wharves, and other equipment."

The Act provided for two distinct and independent rights of action, primarily resting upon the common foundation of the same wrongful injury, act or neglect, but based upon altogether different principles. The injured employee is given the right, if his injuries are not immediately fatal, to recover for his personal loss or suffering, for his expense, loss of time, suffering and diminished earning power; and his personal representative, if his injuries immediately or ultimately result in death, is given the right to recover for the pecuniary loss sustained by designated relatives. By the amendment, without abrogating or curtailing either right, the former right of action survives, in case of his death, to his personal representative for the benefit of the same relatives for whose benefit the latter right is given. *Michigan Central Railroad* v. *Vreeland,* 227 U. S., 59; *St. Louis & Iron Mountain Railway* v. *Craft,* 237 U. S., 648.

By the Act, "Congress has undertaken to cover the subject of the liability of railroad companies to their employees while engaged in interstate commerce." *Michigan Central Railroad* v. *Vreeland,* supra, 66. This Act is "paramount and exclusive," *Ibid.* 67; it is "comprehensive and also exclusive." *New York Central Railroad Company* v. *Winfield,* 244 U. S., 147, 151; *Northern Coal & Dock Co.* v. *Strand,* U. S. Oct. Term, 1928. "Congress took possession of the field of employers' liability to employees in interstate transportation by rail; and all State laws upon that subject were superseded." *Chicago, Milwaukee & St. Paul Railway Company* v. *Coogan,* 271 U. S., 472, 474.

Liability under the statute "can neither be extended nor abridged by common or statutory laws of the State." *New York Central & Hudson River Railroad Company* v. *Tonsellito,* 244 U. S., 360, 362.

A state can not regulate even in respect to injuries occurring without fault, as to which the federal act provides no remedy; and

an award under a state workmen's compensation act for injuries not attributable to negligence can not be upheld. *New York Central Railroad* v. *Winfield,* supra ; *Erie Railroad Company* v. *Winfield,* 244 U. S., 170.

The question before us is — can under this statute an unemancipated minor maintain an action brought in his name by his next friend to recover loss of earnings and expenses resulting from a personal injury?

·We do not find that it has been decided by any of the United States courts. One state court has decided that such minor could not recover for loss of wages. *Cook* v. *Virginia Railway Company* 125 S. E., 106 (W. Va., 1924).

The United States Supreme Court has decided that a parent can not recover under the statute for the loss of services of the minor son and for his expenses because the parent was not an injured employee and the statute was not to be extended by the common law right of the parent to recover for such loss of services and expenses. *New York Central & Hudson River Railroad Company* v. *Tonsellito,* supra.

That court has also decided that the minor suing by his father as next friend may recover for his personal injuries. *New York Central & Hudson River Railroad Company* v. *Tonsellito,* an infant, etc., 244 U. S., supra.

Neither of these cases carries any implication that the minor can not maintain an action for loss of wages and expenses. That the parent has no right of action only is decided.

The statute does not limit or define the person suffering injury. The carrier is made liable "to any person" so suffering. A minor is a person. The statute literally applies equally without distinction to majors and minors. Nor is there any definition or limitation of "damages." The carrier is made liable "in damages to any person suffering injury."

Only by reading into the statute a difference at common law between majors and minors, when the common law has been superseded by the statute, is a limitation imposed which diminishes the effect of the statute and its comprehensive terms.

Under the common law, an employer for breach of his duty to exercise due care for the safety of his employee is liable for the

pain, expense, immediate disablement and permanent disablement. If the employee is a major, the employer is liable in one action to that employee for all these items of damage. If the employee is a minor, the employer is liable for them, but in two actions, one to the minor for the pain, for the reasonable expense incurred by the minor on his own credit as necessaries and for permanent disablement, and the other to the parent for the expense, excepting that just defined, and for immediate disablement. The whole liability for the breach of duty is enforced by one remedy in the case of a major employee, by two in the case of a minor employee. The dual remedy is logical but it is cumbersome and is not necessary. But if the construction of the statute is as contended by the defendant, Congress, while taking possession of the field comprehensively and exclusively without extension or abridgment by the common law, nevertheless must be held to have recognized still the dual remedy and to have left a part of the liability unenforceable. Such construction leaves a right without a remedy. There may have been such *casus omissus* by Congress, but it should not be held to exist unless there is no other reasonable construction to be given by the statute. There is no such *omissus* until limiting words have been interpolated. No further words are necessary to include minors. Words have to be supplied or understood as supplied to exclude them.

The defendant emphasizes the term "in damages," contending that at common law a minor can recover only for pain and permanent disablement and that therefore his damages are so defined. This would define damages as used in the Act to mean the damages recoverable at common law by the employee. But the words of the Act are, "Every carrier shall be liable in damages." Therefore, damages in the Act are those for which the carrier is liable, and at common law he is liable for pain, expense, immediate and permanent disablement. If Congress be held to have had in mind damages at common law, it appears to have had in mind full liability of the carrier, rather than recoverability by the employee in the particular case.

But the construction contended for by the defendant rests upon the theory that at common law a minor can not recover for loss of wages during minority because his services and earnings then be-

long to his parent, primarily to the father. Such was the doctrine of *Comer* v. *Ritter Lumber Co.*, 53 S. E., 906 (W. Va., 1906), which expressly declined to follow the doctrine of *Baker* v. *Flint & P. M. R. Co.*, 51 N. W., 897 (Mich., 1892) — referred to below — and held that "it does not follow because the father is barred that transfers the right of action to the son," and that a minor could not recover for loss of services during minority "for want of legal title." Citing this one case for support, the court in *Cook* v. *Virginia Railway Company*, supra, which was brought under the Federal Employers' Liability Act and was also a West Virginia case, held that the jury should have been instructed that the plaintiff, a minor suing by his father as next friend, "in no event could recover anything for wages during minority."

But in some states the right of the parent to the earnings during minority and to bring an action for them is held to be a "privilege," a turning point in the reasoning of many of the cases, rather than a matter of absolute right; and such privilege may be "waived" or "relinquished" or "voluntarily surrendered" and the minor allowed to recover in his own name; and the parent is conclusively presumed to do so by bringing an action as next friend and prosecuting it and testifying in it; and in such action entire damages for the loss of the minor's time may be recovered. The note in 8 Am. & Eng. Ann. Cases, 1108, states that it must appear from the petition or complaint in the action that it is specifically founded upon a claim by the minor for loss of services during minority.

The rule was laid down with cogent reasons for uniting into one suit the two actions of father and infant in *Abeles* v. *Bransfield*, 19 Kan., 16 (1877), and was followed in *Baker* v. *Flint & P. M. R. Co.*, supra; *Chesapeake & O. Ry. Co.* v. *Davis*, 60 S. W., 14 (1900, Ky.), which called the rule "sound and just"; *Chesapeake & O. Ry. Co.* v. *Wilder*, 72 S. W., 353 (1903, Ky.); *Zongker* v. *Peoples Union M. Co.*, 86 S. W., 486 (1905, Mo.); and *Daly* v. *Everett Pulp & Paper Co.*, 71 Pac., 1014 (1903, Wash.).

Whether the true basis of the common law rights of the parent be absolute right or privilege, we would, if we make the extent of liability under the Act depend on common law, find a different construction of that law by the states. In Kansas there would be full recovery by the minor if the suit were brought by his father as

next friend; in some states full recovery in any event; in other states no full recovery.

But the Act was designed to secure uniformity which should not be disturbed. *New York Central Railroad Company* v. *Winfield,* supra. Certainly the intended uniformity would be disturbed by the construction which the defendant contends for. A part of the remedy for breach of the carrier's duty would be left to be administered by the state court when no part of it was left to the state. In some states such part would be, and in other states it would not be, enforced.

We think that the more reasonable construction of this Act is the construction by our court of a statute analogous to it. The statute provided, "If any person shall receive any bodily injury or shall suffer any damage in his property through any defect . . . in any highway he may recover in a special action on the case . . . the amount of damage sustained thereby." In *Sanford* v. *Augusta,* 32 Me., 536, an action brought by a wife, in which her husband joined, for an injury to her from a defect in the highway, our court held,

> "A father can not recover upon the statute for the loss of the services of his minor son in his employ or for expenses incurred for medical aid, occasioned by an injury received in consequence of a defect in a highway. *Reed* v. *Belfast,* 20 Me., 246. Nor can a husband maintain an action by virtue of the statute, for the loss of the services or society of his wife; or for expenses incurred on account of such an injury to her; for it would not be an injury to his person, nor a damage to his property, within the meaning of the statute.
>
> "Unless the person injured through a defective highway can recover in every instance where an action is maintainable, the whole damages sustained, in many cases an important part of the damages, could never be recovered, and the provisions of the statute would be unavailing. The more reasonable construction of the statute, however, and that which will best comport with its spirit and design, and give to it full force and effect, is, that it was intended to relieve those suffering, from the common law disabilities in this respect, and in all cases where an action can be maintained, to allow the person

injured to recover the entire damages sustained by the injury, by a suit in proper form. The wife, when injured, to sue with her husband, and the minor by guardian, or next friend."

In *Starbird* v. *Frankfort*, 35 Me., 89, it was held that the action under the statute for injury done the wife could not be in the name of the husband alone.

So we think that the more reasonable construction of this statute, and that which will best comport with its comprehensiveness, its exclusiveness, its design of uniformity, its purpose and spirit, is not that the carrier should be relieved from a part of the liability which but for the Act would rest upon it; not that an employee born on Wednesday could, but one born on Friday following could not, recover for all the damages naturally flowing from the injury, expenses, loss of time, diminished earning capacity, bodily pain and mental suffering; but that all employees should recover all such damages. Otherwise age would prevent the recovery of what in most of the cases are a most important part of the damages: expenses and loss of earnings.

The Act determines substantial rights. As regards the form of suit or procedure, the common or statutory law, as administered by the State, may properly govern. The requirement that a minor shall bring suit by next friend is a matter of form or procedure. The amount of liability is a matter of substantial right, with reference to which the Act alone must govern. An action by the minor by next friend is maintainable under the Act. *New York Central & Hudson River Railroad Company* v. *Tonsellito*, an infant, etc., supra.

The question for our determination is one entirely of the construction of a federal statute. The common or statutory law of this State with reference to minors has not been changed by our conclusion. That such law has been superseded by this statute in actions brought under it does not change the state law.

We think that the exceptions to the ruling that loss of wages and medical expenses could not be recovered in the action were well taken.

The mandate must therefore be

*Exceptions sustained.*