### SARIK et al. v. PENNSYLVANIA R. CO.
### Civil Action No. 5369.

District Court, W. D. Pennsylvania.

Oct. 16, 1946.

Evans, Evans & Spinelli, and John E. Evans Jr., all of Pittsburgh, Pa., for plaintiffs.

Dalzell, McFall, Pringle & Bredin, and Samuel W. Pringle, all of Pittsburgh, Pa., for defendant.

GIBSON, District Judge.

This action was brought under the Federal Employers' Liability Act, 45 U.S.C.A. § 51 et seq. After a verdict in favor of Mary Sarik in the amount of three thousand dollars, and by which Michael Sarik was awarded no amount, plaintiffs have moved for a new trial.

The reasons assigned are: (1) That the verdict for Mary Sarik was grossly inadequate; (2) that the verdict in favor of the defendant as to the claim of Michael Sarik was capricious and inconsistent; and (3) that improper evidence was introduced which disclosed that Mary Sarik belonged to a Company relief association.

If only the evidence of the plaintiffs were considered some ground would exist for the claim of inadequacy of the verdict for Mary Sarik, despite certain testimony so introduced which might tend to weaken it. And certain evidence was produced by defendant which strongly tended to prove that the injury to Mary Sarik was not nearly so great as claimed and that the period of her disability was not so long as asserted by plaintiffs.

The plaintiff, Mary Sarik, was injured in what appeared to be a very trifling accident. While seated at a desk and engaged in a clerical operation, a two-wheel truck, wrongfully allowed to stand on end, was accidentally overturned by a fellow employee and slowly fell against her, one

handle striking her in the back just below the scapula. After complaining of pain she was given some treatment by the local Railroad physician in the same building where the accident occurred. After hot water treatment and ointment on the point of injury, the plaintiff was permitted to return to her work on the day of the accident. She continued in employment for three weeks, but continued to complain of pain. On a second examination by Dr. Craig, the local physician, she was referred to Dr. Alexander, the chief physician for the company. He asserted that upon examination of her two days after the accident no visible sign of injury appeared, but that upon pressure of the injured part she appeared to be in pain. Dr. Alexander continued to treat her about once a week until August 7, 1944, and finding no tenderness in the injured parts he directed her to return to work.

From August 7, 1944, to October 4, 1944, plaintiff was at home. On October 4, 1944, she was placed in St. Margaret Hospital, and, by permission of the Company, was under the care of Dr. Fiske. While there she had an attack of pneumonia, which none of the physicians, except Dr. Decker, attributed in any way to her accident. After recovery from pneumonia she went to her home and on April 16, 1945, came under the care of Dr. Taitz, who placed her in the Columbia Hospital for an X-ray examination and thereafter gave her some 36 therapy treatments.

Dr. Decker examined her before trial, but did not act as her physician.

Several X-ray photographs were taken, none of which showed any injury to plaintiff's bony structure.

Mary Sarik's hospital expenses, other than those in the Columbia Hospital, and for her medical treatments prior to that of Dr. Taitz, were paid by the defendant.

The physicians who testified for plaintiff were of opinion that she might not be able to work for about a year after the date of trial, but all of them agreed that she was suffering from a neurosis, and not a continuance of her original injury. All of them thought that she was sincere in her claim.

On the other hand we have the testimony of Doctors Alexander and Craig. In addition was some testimony of Mary Sarik which might well convince some jurymen that she was exaggerating her suffering. For example, she asserted that bandages were placed upon her, one over the other for a period of seven weeks, and that she had constantly worn a brace from the time she left the care of Dr. Fiske until the date of trial. These allegations were denied by the testimony of her own physicians.

Under all the testimony the court is of opinion that the verdict was not so inadequate in respect to Mary Sarik as to require the court to grant a new trial.

When the case was submitted to the jury the court was of opinion that the right of Michael Sarik to recover a verdict depended upon a right at common law. The court so thinking, the jury was erroneously allowed to pass upon his claim. It has been definitely held that the Federal Employers' Liability Act takes away any common law right to recover. It is "comprehensive and also exclusive," and cannot "be extended or abridged by common or statutory laws of the state." See New York Central & Hudson River Railroad Co. v. Tonsellito, 244 U.S. 360, 37 S. Ct. 620, 621, 61 L.Ed. 1194; New York Central Railroad Co. v. Winfield, 244 U.S. 147, 37 S.Ct. 546, 61 L.Ed. 1045; Erie Railroad Co. v. Winfield, 244 U.S. 170, 37 S.Ct. 556, 61 L.Ed. 1057, Ann.Cas.1918B, 662.

In New York Central & Hudson River Railroad Co. v. Tonsellito, the father of an injured minor employee recovered a verdict in the lower courts for medical expenses paid by him. The Supreme Court reversed this judgment.

Michael Sarik having no right to recover as husband of the injured employee, the motion for a new trial on his behalf is baseless.

The plaintiff also claims that her case was prejudiced by certain testimony to the effect that Mary Sarik was a member of a Company relief association. The testimony was brought out in the cross-examination of Dr. F. B. Craig. Upon his answer the plaintiff's counsel moved

to strike out the answer and asked that the jury be instructed to disregard it. The court complied with the request. No request was made for the withdrawal of a juror and a continuance. Counsel having elected to proceed, the court feels that no injury to his case resulted.

The motion for a new trial will be denied.