**Eleanore R. JESS, Appellant,**

v.

**GREAT NORTHERN RAILWAY COMPANY, a corporation, Appellee.**

**No. 22127.**

United States Court of Appeals
Ninth Circuit.

Oct. 2, 1968.

---

* Harvey M. Johnsen, Senior Judge, U.S. Court of Appeals for the Eighth Circuit, sitting by designation.

**536**

for the recovery by an employee of damages sustained by him as the result of an injury to him, but also governs the recovery by others for damages resulting from such injury. New York Central & Hudson River Railroad Company v. Tonsellito, 244 U.S. 360, 37 S.Ct. 620, 61 L.Ed. 1194 (1917); Igneri v. Cie. de. Transports Oceaniques, 2nd Cir. 1963, 323 F.2d 257, cert. den. 376 U.S. 949, 84 S.Ct. 965, 11 L.Ed.2d 969 (1964).

The judgment of the district court is affirmed.

———◆———

Gordon E. Hoven, Havre, Mont. (argued), of Tipp, Hoven & Brault, Missoula, Mont., for appellant.

Cordell Johnson (argued), of Weir, Gough & Booth, Helena, Mont., for appellee.

Before JONES *, BARNES and HAMLEY, Circuit Judges.

PER CURIAM:

The husband of the appellant was an employee of the appellee railway company. The husband brought an action against the railway company under the Federal Employers' Liability Act, 45 U.S.C.A. Sec. 51 et seq. An adverse jury verdict and a judgment thereon denied recovery to the husband. Thereafter the appellant brought an action against the railway company, asserting that the husband's injuries were caused by the negligence of the railway company and seeking damages for loss of consortium. The district court granted the motion to dismiss of the railway company on the ground that "where an injury falls within the scope of the Federal Employers' Liability Act, the relief granted by that act is exclusive as to the injured employee and all others." The appellant seeks a reversal of the judgment of dismissal.

The Federal Employers' Liability Act not only provides the exclusive remedy