Katherine ANDERSON, Plaintiff-Appellant,

v.

BURLINGTON NORTHERN, INC., Defendant-Appellee.

No. 72–1208.

United States Court of Appeals, Tenth Circuit.

Nov. 13, 1972.

David C. Vigil, Denver, Colo. (Charles S. Vigil, Denver, Colo., on the brief), for plaintiff-appellant.

Winston W. Wolvington, Denver, Colo. (Wolvington, Dosh, DeMoulin, Anderson & Campbell, Denver, Colo., on the brief), for defendant-appellee.

Before BARNES *, HOLLOWAY and McWILLIAMS, Circuit Judges.

McWILLIAMS, Circuit Judge.

The issue here to be resolved is whether a wife, whose husband has been injured in an accident covered by the Federal Employers' Liability Act, § 1 et seq., 45 U.S.C. § 51 et seq., has a claim for damages against her husband's employer for her loss of consortium and for services rendered by her to her husband in connection with his disability. The trial court held that the wife had no such claim and accordingly dismissed the action. We agree.

In her amended complaint, Katherine Anderson, hereinafter referred to as the plaintiff, initially alleged that "this action involves an injury arising under the Federal Employers' Liability Act" and went on to allege that her husband, one A. C. Anderson, an employee of the Burlington Northern, Inc., was negligently injured by one of Burlington's agents acting within the course and scope of his employment and that in connection therewith Burlington had paid A. C. Anderson, plaintiff's husband, for his injuries thus sustained but had refused to pay her anything. In her first count, plaintiff prayed for damages in the sum

* The Honorable Stanley N. Barnes, of the Ninth Circuit, sitting by designation.

of $50,000 for her loss of consortium and support from her husband. In a second count, plaintiff prayed for an additional $50,000 for nursing services rendered by her to her disabled husband.

In response to the amended complaint, Burlington filed a motion to dismiss for failure to state a claim upon which relief could be granted, alleging that the amended complaint showed on its face that plaintiff was attempting to recover damages arising from an incident which was covered by the Federal Employers' Liability Act, § 1 et seq., 45 U.S.C. § 51 et seq. In this regard, it is Burlington's basic position that the Federal Employers' Liability Act provides the exclusive remedy for the injured employee and accordingly precludes the maintenance of an action of the type here asserted by plaintiff. It was on this state of the record that the trial court sustained Burlington's motion to dismiss and dismissed the action.

In our view, New York Central & Hudson River Railroad Company v. Tonsellito, 244 U.S. 360, 37 S.Ct. 620, 61 L. Ed. 1194 (1917), is dispositive of the present controversy. There, a seventeen-year-old infant, relying upon the Federal Employers' Liability Act, recovered judgment for personal injuries suffered while employed by a railroad engaged in interstate commerce. Thereafter, the infant's father also recovered damages against the railroad for himself on account of expenses incurred by him for medical attention to his son and for loss of the latter's services. In reversing, the Supreme Court made the following pertinent comment:

> "The court of errors and appeals ruled, and it is now maintained, that the right of action asserted by the father existed at common law and was not taken away by the Federal Employers' Liability Act. But the contrary view, we think, is clearly settled by our recent opinions in New York C. R. Co. v. Winfield, 244 U.S. 147, 61 L.Ed. [1045], 37 Sup.Ct.Rep. 556 [1917], and Erie Railroad Co. v. Win-

field, 244 U.S. 170, 61 L.Ed. [1057] 37 Sup.Ct.Rep. 556, (decided May 21, 1917). There we held the act 'is comprehensive and also exclusive' in respect of a railroad's liability for injuries suffered by its employees while engaging in interstate commerce. 'It establishes a rule or regulation which is intended to operate uniformly in all the states as respects interstate commerce, and in that field it is both paramount and exclusive.' Congress having declared when, how far, and to whom carriers shall be liable on account of accidents in the specified class, such liability can neither be extended nor abridged by common or statutory laws of the state."

The purport of New York Central Railroad Company v. Winfield, *supra*, and Erie Railroad Company v. Winfield, *supra*, both of which are cited in, and form the basis for, *Tonsellito*, is that the liability of an interstate railroad carrier to its employees for personal injuries sustained while engaged in interstate commerce is regulated inclusively and exclusively by the Federal Employers' Liability Act and that because Congress fully covered the subject, no room exists for state regulation.

*See also,* Jess v. Great Northern Railway Company, 401 F.2d 535 (9th Cir. 1968), where a wife's claim for loss of consortium resulting from injuries sustained by her husband within the scope of Federal Employers' Liability Act was rejected. In so holding, it was declared that the Federal Employers' Liability Act not only provides the exclusive remedy for recovery by the injured employee, but "also governs the recovery by others for damages resulting from such injury."

To the same general effect, *see* Smither and Company, Inc. v. Coles, 100 U.S. App.D.C. 68, 242 F.2d 220 (1957), cert. denied, 354 U.S. 914, 77 S.Ct. 1299, 1 L. Ed.2d 1129 (1957), which involved a claim for loss of consortium and the District of Columbia's Workmen's Compensation Act, which adopts as the com-

pensation law for the District of Columbia the Longshoremen's and Harbor Workers' Act, 44 Stat. 1424 (1927), 33 U.S.C. § 901 et seq.; *see also* Underwood v. United States, 207 F.2d 862 (10th Cir. 1953), which involved a claim for loss of consortium and the Federal Employees' Compensation Act, § 1 et seq., 5 U.S.C. § 751 et seq.

In dismissing the action, the trial court "assumed" a third count, though none, as such, was pleaded, based on diversity jurisdiction and the Wyoming law regarding the right of a wife to maintain an action for the loss of her husband's consortium. In this connection, the trial court, relying on Bates v. Donnafield, 481 P.2d 347 (Wyo.1971), held that in Wyoming the wife had no cause of action for loss of consortium, though the husband did, and on this basis dismissed the "third" count. It is urged that such was error for the reason that denying a wife the right to sue for loss of consortium, while permitting the husband to maintain such an action, would deny the wife's right to equal protection under the Fourteenth Amendment. In support of the foregoing proposition, counsel cites such cases as Owen v. Illinois Baking Corporation, 260 F. Supp. 820 (W.D.Mich.1966).

In our view, we need not here consider whether such a rule as announced by the Wyoming Supreme Court in Bates v. Donnafield, *supra*, runs afoul of Fourteenth Amendment rights. Disposition of this particular contention is again governed by *Tonsellito*. As set forth above, it was there stated that by the enactment of Federal Employers' Liability Act, Congress declared the extent of liability on the part of an interstate carrier for injuries to its employees and that "such liability can neither be extended nor abridged by common or statutory laws of the state." So, assuming arguendo that under Wyoming law plaintiff somehow does have a cause of action for loss of consortium, such would not give her a claim for loss of consortium arising out of an accident covered by Federal Employers' Liability Act. In this area the Federal law is paramount and exclusive.

Judgment affirmed.