**A.  Aida KELSAW, Plaintiff-Appellant,**

v.

**UNION PACIFIC RAILROAD COMPANY, a Utah corporation, Defendant-Appellee.**

**No. 81–3517.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Aug. 3, 1982.

Decided Sept. 9, 1982.

Kathryn T. Whalen, Richardson, Murphy, Nelson & Lawrence, Portland, Or., for plaintiff-appellant.

Roy P. Farwell, Portland, Or., for defendant-appellee.

Before SNEED and SKOPIL, Circuit Judges, and STEPHENS *, District Judge.

SNEED, Circuit Judge:

Appellant Kelsaw seeks to overturn the dismissal of her complaint by the district court. In dismissing the complaint the district court held that the Federal Employer's Liability Act (FELA), 45 U.S.C. §§ 51–60 (1976), authorizes no cause of action by the spouse of a railroad employee for loss of consortium. We affirm.

## I.

### SUMMARY OF COMPLAINT

Plaintiff-appellant alleged in her complaint that the defendant-appellee was a corporation that operated a railroad and was engaged in interstate commerce. It was also alleged that plaintiff-appellant's husband was an employee of the defendant-appellee and worked as a brakeman at the time when he was injured as a result of defendant-appellee's negligence. Because of the injury and the employer's negligence the complaint asserts that "the plaintiff has a loss of consortium claim for damages in

the sum of $500,000 general damages." The prayer for relief seeks a judgment in that amount.

## II.

### ANALYSIS

█ Appellant admits that the dismissal was proper under existing law. We have held specifically that the spouse of an injured railroad employee may not sue for loss of consortium under FELA. *Jess v. Great Northern Railroad Co.*, 401 F.2d 535 (9th Cir. 1968). We relied on the Supreme Court's decision in *New York Central & Hudson River Railroad v. Tonsellito*, 244 U.S. 360, 37 S.Ct. 620, 61 L.Ed. 1194 (1917), in which it was held that, although under common law a father could recover for the loss of services of a not fatally injured minor child, no such cause of action existed under FELA. The Court stated:

"There [referring to earlier cases] we held the act 'is comprehensive and also exclusive' in respect of a railroad's liability for injuries suffered by its employees while engaging in interstate commerce. 'It establishes a rule or regulation which is intended to operate uniformly in all the states as respects interstate commerce, and in that field it is both paramount and exclusive.' Congress having declared when, how far, and to whom carriers shall be liable on account of accidents in the specified class, such liability can neither be extended nor abridged by common or statutory laws of the state." 244 U.S. at 361–62, 37 S.Ct. at 620–21.

█ The appellant seeks to avoid the controlling effect of *Tonsellito* and the earlier *Michigan Central Railroad v. Vreeland*, 227 U.S. 59, 33 S.Ct. 192, 57 L.Ed. 417 (1913), by arguing that it has been qualified to the extent that a common law cause of action on the part of the spouse of an employee for loss of consortium is permitted to exist. She cites *American Export Lines v. Alvez*, 446 U.S. 274, 100 S.Ct. 1673, 64 L.Ed.2d 284

---

* Honorable Albert Lee Stephens, Jr., Senior United States District Judge for the Central

District of California, sitting by designation.

821

(1980), to support her contention. In *Alvez* the Court, after recognizing that under *Sea-Land Services, Inc. v. Gaudet*, 414 U.S. 573, 94 S.Ct. 806, 39 L.Ed.2d 9 (1974), a surviving spouse could recover damages for the loss of her deceased longshoreman husband's society following his mortal injury while working aboard a vessel in state territorial waters, held that the wife of a harbor worker injured nonfatally aboard a vessel in similar waters also could recover under general maritime law for the loss of her husband's society. 446 U.S. at 275–76, 100 S.Ct. at 1674–75. Neither the Death on the High Seas Act, 46 U.S.C. § 762 (1976), nor the Jones Act, 46 U.S.C. § 688 (1976), under which such recoveries are not permitted, were held to bar "recognition of a claim for loss of society by judicially crafted general maritime law." 446 U.S. at 281–82, 100 S.Ct. at 1677–78. *See Mobil Oil Corp. v. Higginbotham*, 436 U.S. 618, 98 S.Ct. 2010, 56 L.Ed.2d 581 (1978); *Ivy v. Security Barge Lines*, 606 F.2d 524 (5th Cir. 1979) (en banc), *cert. denied*, 446 U.S. 956, 100 S.Ct. 2927, 64 L.Ed.2d 815 (1980). The Court refused to engraft on general maritime law the exclusivity accorded FELA by *Tonsellito* and the earlier limitation of *Michigan Central Railroad v. Vreeland, supra*.

In no way, however, did the Court reject either the limits placed on recoveries under FELA by *Vreeland* or its exclusivity as recognized by *Tonsellito*. Under these circumstances we must adhere to both. While it is true that the Court in *Alvez* looked with favor upon permitting a recovery for a loss of consortium, we have no authority to attempt to anticipate that it will overrule *Tonsellito* and *Vreeland*. Nor does the court's decision in *Higginbotham* encourage us to do so. If and when the Supreme Court decides to overrule *Tonsellito* and *Vreeland* we will do our duty. Until then we must obey their teaching.

AFFIRMED.