STOKER, Judge.
This is a worker’s compensation case arising out of a fatal car accident on September 25, 1982. The accident occurred *843 while decedent was within the course and scope of his employment as a foreman for defendant. Decedent was driving a truck leased by defendant from GELCO Corporation at the time of the accident. Decedent’s survivors filed suit against defendant to enforce payment of benefits under the Louisiana Worker’s Compensation Act.
Testimony at trial showed that Mr. Hebert, the decedent, was a track repair foreman whose duties included the repairing of boxcars and locomotives and work in connection with minor derailments. Mr. Joseph Boudreaux, Mr. Hebert’s supervisor, testified that on occasion Mr. Hebert and others employed in the same type work performed duties in connection with derailments outside the State of Louisiana. Mr. Jerry Granger, who had worked with Mr. Hebert for ten years, testified that on most boxcars there was a report which contained information about the destination of the boxcar. He further testified that the cars which he and Mr. Hebert worked on were usually from the West Coast; however he did not know the specific destination of the car that they had worked on that afternoon.
The trial court rendered judgment in favor of defendant on the basis that the Federal Employers’ Liability Act is plaintiffs’ exclusive, remedy against defendant. Plaintiffs appeal from this judgment, assigning as errors the following:
1. The trial court erred in ruling that the Louisiana Worker’s Compensation Act of 1975 did not remove the former prohibition against the applicability of the Act to claims of railroad employees or their dependents, such as the Heberts, to give such claimants the option to proceed against a railroad for worker’s compensation benefits rather than under the Federal Employers’ Liability Act alone.
2. Alternatively, plaintiffs contend that the evidence proved that Southern Pacific was not just a railroad, but rather a huge multi-faceted corporation engaged in non-railroad operations and investments, as well as railroad operations, and its railroad operations were conducted at a loss. Hence, so plaintiffs claim, the trial court erred in permitting Southern Pacific to rely solely on the exclusive tort remedy provisions of the Federal Employers’ Liability Act.
3.Alternatively, plaintiffs claim that the evidence proved Southern Pacific entered into pre-accident agreements with the union to which Mr. Hebert belonged in which Southern Pacific waived the exclusive tort remedy provisions of the Federal Employers’ Liability Act; and a post-accident settlement based on those agreements with Mrs.. Hebert, which agreements and settlement expressly reserve the rights of Mrs. Hebert to proceed under either the Federal Employers’ Liability Act or any other laws, which other laws would include the Louisiana Worker’s Compensation Act. If any uncertainties arise out of the language of those agreements and settlement, this must be construed against Southern Pacific as the author thereof. The failure of Southern Pacific to offer any evidence whatsoever in support of its position regarding the interpretation of any ambiguous provisions in the agreements and settlement must also be construed against Southern Pacific. Therefore, so plaintiffs contend, the trial court erred in permitting Southern Pacific to rely solely on the provisions of the Federal Employers’ Liability Act in opposition to the Louisiana Worker’s Compensation Act claims of the Heberts.
APPLICABILITY OF FELA
FELA provides the exclusive remedy for an injured employee of an interstate carrier by rail. Rainwater v. Chicago, R.I. & P. Ry. Co., 207 La. 681, 21 So.2d 872 (1945). The appellants have not shown any authority which changes this longstanding rule and we have found none. Instead, appellants attempt to show that amendments to the worker’s compensation laws of this state have in some manner opened the state law to injured employees injured in FELA covered employment.
The trial court did not err in finding that the Louisiana Worker’s Compensation Act is not applicable to the claims of inter *844 state railroad employees or their dependents. LSA-R.S. 23:1037 states:
§ 1037. Employees of railroads in interstate or foreign commerce; vessels in interstate or foreign commerce
This Chapter shall not apply to any employer acting as a common carrier while engaged in interstate or foreign commerce by railroad, where the employee of such common carrier was injured or killed while so employed; but if the injury or death of an employee of a railroad occurs while the employer and employee are both engaged and employed at the time in an intrastate operation or movement not controlled or governed by the laws, rule of liability, or method of compensation which has been or may be established by the Congress of the United States, then this Chapter shall govern and compensation shall be recovered hereunder; but nothing in this Chapter shall be construed to apply to any work done on, nor shall any compensation be payable to the master, officers or members of the crew of, any vessel used in interstate or foreign commerce not registered or enrolled in the State of Louisiana.
Plaintiffs argue that the 1975 revision of LSA-R.S. 23:103s,[1] relative to employees covered by the Act, has effectively repealed LSA-R.S. 23:1037 because the specific list of exemptions from the Act which was in the former LSA-R.S. 23:1035 was not included in the 1975 revision. However, we will not second-guess the intent of the legislature or presume that they intended to repeal LSA-R.S. 23:1037. LSA-R.S. 23:1031, Paragraph l,[2] specifically refers to exceptions to the Act’s coverage. LSA-R. S. 23:1037 exempts railroads engaged in interstate commerce from liability under the Act and, since its plain meaning is not irreconcilable with LSA-R.S. 23:1031 and LSA-R.S. 23:1035 when so construed, it must be given effect. See LSA-C.C. art. 17, art. 20 and art. 23. Therefore, because defendant is a railroad engaged in interstate commerce, plaintiffs are not entitled to recovery under the Louisiana Worker’s Compensation Act.
As noted by the trial court in its written reasons for judgment:
*845 “The Court finds that Southern Pacific Transportation Company is a common carrier by railroad engaged in commerce between the states. There is ample testimony that many boxcars owned and operated by the defendant entered the state from other states, thereby being interstate commerce. Also, there is ample testimony that Mr. Hebert repaired these cars, which were in interstate commerce. The jurisprudence is clear that, if an employee partakes of work both interstate and intrastate in character, which are not separable, interstate features predominate and determine liability of railroad for death benefits. Pedersen v. Delaware, L & W R.C. 229 US 146[, 33 S.Ct. 648, 57 L.Ed. 1125] (1913); Erie R.C. v. Winfield, 244 US 170[, 37 S.Ct. 556, 61 L.Ed. 1057] (1917). Thus, it matters not the destination of the particular car attended to by Mr. Hebert on the day in question, only the nature of the carrier service. Also, this Court takes notice of the fact that Southern Pacific Transportation Company files reports with the Interstate Commerce Commission.
“It is also clear to this Court that Mr. Hebert’s duties as a carman substantially affected commerce between the states. The re-railing of boxcars on a daily basis, both in this state and out is in furtherance of interstate commerce and substantially affects interstate commerce. As such, Mr. Hebert’s heirs’ action comes under 45 USC, S.51, et seq., Liability of Common Carriers by Railroad ...
“The jurisprudence is abundantly clear that, even ‘if injury is sustained by plaintiff while he is engaged in interstate commerce, although federal state courts have concurrent jurisdiction, the law applicable is exclusively FELA.’ Brestsky [Bretsky] v. Lehigh Valley R.S. [R.R.] Co., 156 F2d 594 (2nd Cir.1946).
“‘... the Act is comprehensive and also exclusive in respect of a railroad’s liability for injuries engaged [sic] in interstate commerce.’
“‘It establishes a rule or regulation which is intended to operate uniformly in all the states as respects interstate commerce and in that field it is both paramount and exclusive. Congress having declared when, how far and to whom carriers shall be liable on account of accidents in the specified class, such liability can neither be extended nor abridged by common or statutory laws of the state. New York Central and Hudson River Railroad Co. v. Tonsellito, 244 US 360[, 37 S.Ct. 620, 61 L.Ed. 1194] (1917).’
“Therefore, the plaintiffs’ contention that they are entitled to benefits under the Louisiana Workmen’s Compensation Act must be rejected.”
Appellants also argue that the cases which give employees the option to pursue either state or federal remedies under the Longshoremen and Harbor Workers’ Compensation Act are illustrative and persuasive on the issue of FELA’s exclusivity. However, appellants overlook the point that FELA is specifically made an exclusive remedy, while the Longshoremen and Harbor Workers’ Compensation Act is not and has continuously been applied non-exclusively. See Beverly v. Action Marine Services, Inc., 433 So.2d 139 (La.1983); Thompson v. Teledyne Movible Offshore, Inc., 419 So.2d 822 (La.1982). The Longshoremen and Harbor Workers’ Compensation Act is simply not comparable to FELA and the cases cited are inapplicable to the case before us.
ASSIGNMENTS 2 AND 3
The trial court was not clearly wrong in finding that defendant is a railroad engaged in interstate commerce. The fact that defendant is also engaged in other business activities does not negate this fact. The railroad was the decedent’s employer and falls within the LSA-R.S. 23:1037 exception to liability under the Act.
Further, we note that defendant agrees with plaintiffs in its contention that their right to proceed against defendant under other laws has been contractually reserved. However, the laws must be applicable to plaintiffs’ case in order to have a cause of action. Under the Louisiana Worker’s Compensation Act plaintiffs do not have a *846 cause of action against defendant. Therefore, since plaintiffs did not allege a cause of action under any law applicable to plaintiffs’ case other than FELA, the trial court did not err in permitting defendant to rely solely on the provisions of FELA.
DECREE
Accordingly, for the reasons assigned, the judgment of the trial court is affirmed.
AFFIRMED.

. LSA-R.S. 23:1035 provides:
§ 1035. Employees covered
A. The provisions of this Chapter shall also apply to every person performing services arising out of and incidental to his employment in the course of his own trade, business, or occupation, or in the course of his employer's trade, business, or occupation, except that the bona fide president, vice president, secretary, and treasurer of a corporation who owns not less than ten percent of the stock therein, or a partner with respect to a partnership employing him, or a sole proprietor with respect to such sole proprietorship may by written agreement elect not to be covered by the provisions of this Chapter. Such election shall not be limited, but shall apply to all trades, businesses, or occupations conducted by said corporations, partnerships, or sole proprietorships. Such an election shall be binding upon the employing corporation, partnerships, and sole proprietors and the widow, relatives, personal representative, heirs, or dependents of the officer, partner, or sole proprietor so electing. No salary or compensation received by any such bona fide corporate officer, partner, or sole proprietor so electing shall be used in computing the premium rate for worker’s compensation insurance.
B. There is exempt from coverage under this Chapter all labor, work, or services performed by any employee of a private residential householder in connection with the private residential premises of such householder and which labor, work, or services tire not incidental to and do not arise out of any trade, business, or occupation of such householder. With respect to such labor, work, or services and any employee performing the same, a private residential householder shall have no liability under the provisions of this Chapter either as employer or as a principal; however, any person who is engaged in the trade, business, or occupation of furnishing labor, work, or services to private residential premises shall be liable under the provisions of this Chapter to his employees or their dependents for injury or death arising from and incidental to their employment in rendering such labor, work, or services.

. LSA-R.S. 23:1031 provides in part:
§ 1031. Employees’ right of action; joint employers, extent of liability
If an employee not otherwise eliminated from the benefits of this Chapter, receives personal injury by accident arising out of and in the course of his employment, his employer shall pay compensation in the amounts, on the conditions, and to the person or persons hereinafter designated. (Emphasis added)