RODENBERG, Judge
(concurring in part, dissenting in part).
I concur with part II of the majority opinion, but I respectfully dissent from part I. In my view, awarding respondent $62,584.48 more than his actual costs and disbursements under Minn. R. Civ. P. 68.03(b)(2) is plainly substantive within the meaning of well-established federal case-law. The windfall award of amounts never actually disbursed or paid by a prevailing FELA plaintiff has not been authorized by Congress and conflicts with the principles of uniformity sought to be advanced by FELA. The judgment against appellant should be reduced by $62,584.48.
The majority accurately observes in part I.C.l. that rule 68.03(b)(2) designedly provides for an award to a prevailing plaintiff of amounts over and above the plaintiffs actual costs and disbursements, as a mechanism for inducing a defendant to settle. See Minn. R. Civ. P. 68.04, 2008 cmt. (“Rule 68 is extensively revamped ... to make it more effective in its purpose of encouraging the settlement of litigation.” (emphasis added)). The district court’s award of the $62,584.48 in question would doubtless be proper were this not a FELA case. But in this FELA case, the wisdom of Minnesota’s provision is not the issue. Instead, the issue on appeal is the straightforward one accurately identified by the district court: “[W]hether the enhancement of costs under Rule 68 is a procedural rule or substantive law” under controlling caselaw. See St. Louis Sw. Ry. v. Dickerson, 470 U.S. 409, 411, 105 S.Ct. 1347, 1348, 84 L.Ed.2d 303 (1985) (stating that state procedural rules and federal substantive rules apply in FELA cases).
“State courts are required to apply federal substantive law in adjudicating FELA claims,” Monessen Sw. Ry. v. Morgan, 486 U.S. 330, 335, 108 S.Ct. 1837, 1842, 100 L.Ed.2d 349 (1988), and state rules must yield to FELA when “enforcement of [state or local rules] standfs] as an obstacle to the accomplishment and execution of the full purposes and objectives of Congress” in creating FELA, see Felder v. Casey, 487 U.S. 131, 138, 108 S.Ct. 2302,
*812 2306-07,101 L.Ed.2d 123 (1988) (quotation omitted).
A FELA action can be brought in any federal district or state court. 45 U.S.C. § 56 (2012). Because of this forum-selection right, the United State Supreme Court has consistently required that federal substantive law, broadly defined, must apply to FELA claims. “[0]nly if federal law controls can the federal Act be given that uniform application throughout the country essential to effectuate its purposes.” Dice v. Akron, Canton & Youngstown R.R., 342 U.S. 359, 361, 72 S.Ct. 312, 314, 96 L.Ed. 398 (1952); see also New York Central & Hudson River R.R. Co. v. Tonsellito, 244 U.S. 360, 362, 37 S.Ct. 620, 621, 61 L.Ed. 1194 (1917) (holding that FELA is “comprehensive and also exclusive in respect of a railroad’s liability for injuries suffered by its employees while engaging in interstate commence” (quotation omitted)). So important is the requirement of uniformity that, in Dice, the United States Supreme Court held that, in FELA cases, the State of Ohio must provide a right to a trial by jury of all issues in its court of common pleas, a court of equity in which there previously existed no right of trial by jury. 342 U.S. at 363, 72 S.Ct. at 315.
In Monessen, all nine Justices of the United States Supreme Court joined in part II.A. of the opinion, holding that prejudgment interest under rule 238 of the Pennsylvania Rules of Civil Procedure is substantive and not procedural. 486 U.S. at 334-36, 108 S.Ct. at 1842-43. “[C]har-acterizing Rule 238 as nothing more than a procedural device to relieve court congestion” was insufficient justification to consider the state rule as procedural. Id. at 336, 108 S.Ct. at 1843. Observing that “federal and state courts have held with virtual unanimity over more than seven decades that prejudgment interest is not available under FELA,” id. at 338, 108 S.Ct. at 1844, and that in order for the remedy of prejudgment interest to be available to a prevailing FELA plaintiff, “Congress must expressly so provide,” id. at 339, 108 S.Ct. at 1845, the Supreme Court determined that the Pennsylvania “procedural” provision is preempted by FELA. The Supreme Court held that the award of $26,712.50 in prejudgment interest was “too substantial a part of [the] defendant’s potential liability under the FELA” to be properly characterized as procedural. Id. at 336, 108 S.Ct. at 1843.
That prejudgment interest is computed based on the size of the damage award and the enhanced judgment allowed under rule 68.03(b)(2) is computed based on the prevailing plaintiffs costs and disbursements is all the more reason that Minnesota’s rule must yield to FELA preemption. In effect, and as applied here, rule 68.03(b)(2) is purely punitive against a party who opted to try the case rather than settle it. The award under rule 68.03(b)(2) bears no relationship whatever to the damages authorized by Congress to be recovered under FELA. See Am. R.R. of Porto Rico v. Didricksen, 227 U.S. 145,149-150, 33 S.Ct. 224, 225, 57 L.Ed. 456 (1913) (holding that damages in a FELA action are limited “strictly to the financial loss thus sustained,” overturning a jury award for the loss of “society and companionship”); see also Local 20, Teamsters, Chauffeurs & Helpers Union v. Morton, 377 U.S. 252, 260-61, 84 S.Ct. 1253,1259,12 L.Ed.2d 280 (1964) (holding that punitive damages could not be granted because punitive damages are a matter of substantive law and “substantive state law ... must yield to federal limitations”).
Interpreting Monessen as preempting the award of $62,584.48 to respondent in this case also comports with common sense and the black-letter definitions of sub *813 stance and procedure. Black’s Law Dictionary defines “substantive law” as “[t]he part of the law that creates, defines and regulates the rights, duties and powers of parties.” 1567 (9th ed.2009). “Procedure” is defined as “[t]he judicial rule or manner for carrying on a civil lawsuit.” Id. at 1323. Procedure is how a thing is done. Substantive law is the thing that is done. Rule 68.03(b)(2) operates to award a judgment for amounts that Congress has not authorized under FELA. This is not a case of “how.” It is a case of “what.” And the thing that rule 68.03(b)(2) authorizes is inconsistent with FELA.
The majority mischaracterizes rule 68.03(b)(2) as a cost-shifting provision.[5] It is no such thing. Rule 68.03(b)(2) provides that a “defendant-offeree must pay, in addition to the costs and disbursements to which the plaintiff-offeror is entitled under Rule 54.04, an amount equal to the plaintiff-offeror’s costs and disbursements incurred after service of the offer.” (Emphasis added.) Therefore, under the plain language of the rule, the $62,584.48 at issue here is not an award of costs and/or disbursements. It is an award of an additional amount equal to the costs and disbursements after a designated point in time — an additional amount never paid or disbursed by respondent. The rule creates and defines a right of recovéry for a prevailing plaintiff and is substantive under Monessen.
Monessen held that Pennsylvania’s prejudgment interest rule, in awarding $26,712.50 as prejudgment interest, was “too substantial a part of a defendant’s potential liability under the FELA” to be accepted as procedural. 486 U.S. at 336, 108 S.Ct. at 1843. The majority opinion allows almost two-and-one-half times that amount, an amount the majority characterizes as “costs, and disbursements” but an amount.that was never actually paid or expended by appellant, to be awarded by way of a judgment that everyone agrees could not be obtained under federal law. Under Monessen, this is “too substantial a part of a defendant’s potential liability under the FELA.” Id. If such an amount is to be awarded, “Congress must expressly so provide.” See id. at 339, 108 S.Ct. at 1844. And Congress has not done so.
The majority seems to doubt the “potential forum-shopping effects” of the application of Minnesota’s rule 68.03(b)(2). But' the majority acknowledges, as it must, that FELA requires “uniform application throughout the country” to “effectuate its purposes,” Dice, 342 U.S. at 361, 72 S.Ct. at 314, and that if a rule “will frequently and predictably produce different outcomes ... based solely upon whether the claim is asserted in state or federal court,” application of the state rule is prohibited, *814 Felder, 487 U.S. at 138, 108 S.Ct. at 2307.[6] Since FELA plaintiffs are authorized by the federal statute to sue in any state or federal court, 45 U.S.C. § 56, and because Minnesota’s courts today become the only place where a prevailing FELA plaintiff can tax phantom costs and disbursements never paid or incurred, it cannot be doubted that forum-shopping will result.[7]
Part I of the majority opinion irreconcilably conflicts with governing federal case-law, and I must therefore dissent from that part of the majority’s opinion.

. The majority cites Eversole v. Consol. Rail Corp., 551 N.E.2d 846, 855 (Ind.Ct.App.1990) in support of its approach distinguishing litigation conduct from compensatory damages and suggesting that state law inconsistent with FELA may be applied to litigation conduct. But Eversole involves the shifting of out-of-pocket costs actually incurred. And taxation of actual costs is undoubtedly procedural. Eversole says nothing about the issue before us here, the taxation of additional phantom costs, and it utterly fails to support the majority’s assertion that state law inconsistent with FELA may be applied in a FELA case to discourage disfavored litigation conduct. That was the issue in Monessen, and the United States Supreme Court resolved the issue. Eversole applies the Monessen directive that whether a state law provision may be applied in a FELA case depends entirely upon whether the state-law provision at issue is one of substance or procedure, a directive that the majority refuses to apply here. Likewise, Duello v. Bd. of Regents, 220 Wis.2d 554, 583 N.W.2d 863 (Ct.App.1998), a Fair Labor Standards Act case involving the denial of attorney fees to a prevailing plaintiff, has no application here.

. The majority correctly notes that “forum shopping" is not specifically briefed as a separate issue on appeal. But the central importance of uniformity in FELA cases arises from the forum-selection right of plaintiffs. And the outcome of the case should not depend upon the forum selected. See S.A. Healy Co. v. Milwaukee Metro. Sewerage Dist., 60 F.3d 305 (7th Cir.1995) (discussing the significance of forum-shopping considerations in the context of determining whether a law is substantive or procedural).

. ' And, of course, uniformity has nothing to do with whether the substantive rule under examination benefits a plaintiff or a defendant. Whether Minnesota’s rule is "fairer” than the federal rule is of no consequence here. Uniformity requires that the same substantive law apply to prevailing plaintiffs regardless of the court in which suit is brought. FELA requires uniformity of outcome — not, as the majority seems to think, the outcome that most favors a plaintiff or the outcome that we might think is better or fairer. That Minnesota’s rule advances the interests of prevailing plaintiffs and produces a result that cannot be replicated under federal law is all the more indication that rule 68.03(b)(2) may not be applied to a FELA case consistent with the requirement of uniformity.