## Illinois Central Railroad Company v. Stovall.

(Decided February 10, 1925.)

### Appeal from Ballard Circuit Court.

1. Master and Servant—Master Liable for Gross Negligence of Superior Employee.—Master is liable for an injury to a subordinate employee caused by gross negligence of superior employee.
2. Master and Servant—Recovery for Gross Negligence of Superior Employee Confined to Compensatory Damages.—As gross negligence is sole basis of master's liability for injury to a subordinate employee, caused by a superior employee, recovery in such cases is confined to compensatory damages.
3. Master and Servant—Instruction Authorizing Punitive Damages for Gross Negligence by Superior Employee Held Error, in Absence of Malice.—In servant's action for injuries from gross negligence by defendant's superior employee, where evidence did not show that superior employee acted maliciously or willfully or with reckless or wanton disregard of rights of others, instruction authorizing finding of punitive damages was error.
4. Commerce—Federal Employers' Liability Act Held Applicable where Servant Injured while Repairing Bridge for Use in Interstate Traffic—"Interstate Commerce."—Where defendant railway was an interstate carrier and servant at time of injury was engaged in repairing a bridge for use in interstate traffic, servant was engaged and railway was employed in "interstate commerce," and federal Employer's Liability Act (U. S. Comp. St., sections 8657, 8665) was controlling.

JOHN E. KANE, THOMAS J. WOOD, TRABUE, DOOLAN, HELM & HELM and W. T. WHITE for appellant.

HENRY F. TURNER for appellee.

OPINION OF THE COURT BY JUDGE CLAY—Reversing.

This is an appeal from a judgment for $1,264.00 for personal injuries.

At the time of his injuries, appellee was at work on a pile driver assisting a fellow employe named Bone in operating the two line which ran around the wrench head, or live roller, and from there through the foot of

the mast. It was used for the purpose of raising piling from the ground and placing it under the hammer of the derrick so it could be driven into the soil. In raising the piling it was necessary to attach to it, or the line by which it was raised, another line called the tag line, which was used for the purpose of keeping the piling from catching or hanging on the bridge while it was being drawn up. At the time of the accident, the crew was engaged in raising a piece of piling and placing it in position to be driven. According to appellee, he was assisting Bone until he heard another servant say, "Look out, you are cutting the line in two." He then signaled Mr. Omar, the foreman, who was operating the engine, to stop the engine, which he did. He then left the place where he was assisting Bone, went to a point some twelve feet distant and started pulling the slack out of the line. While he was doing this Omar started the engine, causing his hand to be caught in the line. His finger was so injured that it had to be amputated. At the time he was working under Omar and at the place he directed him to work. On the other hand, Omar says that he had not directed appellee to work at the place where he was injured, which was some 25 feet distant from the place where he was to work, and did not know he was there at the time.

One of the grounds urged for reversal is that the court erred in authorizing a finding of punitive damages. The case was pleaded and practiced on the theory that Omar was superior in authority to appellee, and that appellant was liable if his negligence was gross. It is the rule in this state that the master is liable for an injury to a subordinate employe caused by the gross negligence of a superior employe, but as gross negligence is the sole basis of liability, the recovery in such cases is confined to compensatory damages. Burton Construction Company v. Metcalfe, 162 Ky. 366, 172 S. W. 698. Not only so, but the evidence failed to make out a case of gross negligence, as it did not show that Omar acted maliciously or wilfully, or with reckless or wanton disregard of the rights of others. W. T. Sistrunk & Company v. Meisenheimer, 205 Ky. 254, 265 S. W. 467.

The point is also made that appellant's motion for a peremptory instruction at the conclusion of appellee's evidence should have been sustained because appellee pleaded a case under the state law, and proved a case under the federal law. As the judgment must be reversed on the other ground, it will not be necessary to

decide this question. However, it is proper to add that appellant is an interstate carrier, and appellee at the time of his injury was engaged in repairing a bridge for use in interstate traffic. It follows that appellant was engaged, and appellee was employed, in interstate commerce, and that the Federal Employers' Liability Act is controlling. Pedersen v. D. L. & W. R. R. Co., 229 U. S. 146; Hines, Director General v. Burns, Admr., 189 Ky. 761, 226 S. W. 109. On the return of the case appellee will be permitted to amend his petition so as to bring the case within the provisions of that act.

Judgment reversed and cause remanded for a new trial consistent with this opinion.