**CHICAGO, M., ST. P. & P. R. CO. v. BUSBY.**

No. 6105.

Circuit Court of Appeals, Ninth Circuit.

June 20, 1930.

Murphy & Whitlock, of Missoula, Mont., and R. F. Gaines, of Butte, Mont., for appellant.

Miles J. Cavanaugh, Lewis Brown, and Lowndes Maury, all of Butte, Mont., for appellee.

Before RUDKIN, DIETRICH, and WILBUR, Circuit Judges.

RUDKIN, Circuit Judge.

This is an appeal to review a judgment in favor of the plaintiff in an action to recov-

er damages for personal injuries. At the time of receiving the injuries complained of the appellee was a member of an extra gang working on the main line of the appellant's railroad, at a point about two miles west of Vendome station in the state of Montana. The gang had their living quarters at Vendome, and were taken to and from work on trailers drawn by gasoline driven motorcars. The wheels of the motorcars were designed to be rigid, so that they would not turn upon their axle. This rigidity was maintained by a fibrous bushing placed around the axle, separating it from the wheel. The bushing also served as an insulator to prevent electric current from passing from the tracks to the motorcars, so that the motorcars would not operate the automatic electric signals used on the main line in connection with the operation of trains. Two motorcars and five trailers were used in transporting the men to and from work. One of the motorcars was operated by the appellee, and he apparently had charge of both. The bushing on one of the wheels of his motorcar was worn and defective, so that it would not hold the wheel rigidly or firmly on the axle. On the day of the accident in question the appellee proceeded from Vendome to the place of work for the purpose of bringing the gang back to Vendome for lunch. On the return trip to Vendome the motorcar was derailed, by reason of the defect in the wheel, causing the injuries for which a recovery was here sought.

The principal assignments of error challenge the sufficiency of the testimony to support the verdict. While frankly conceding that the car was defective, as claimed, and that such defect was the proximate cause of the injuries to the appellee, the appellant insists that it was the duty of the appellee to make the necessary repairs, and that his failure so to do was the sole proximate cause of the accident. It may have been, and perhaps was, the duty of the appellee to look after repairs in general, but he was under no obligation to purchase parts or furnish materials for that purpose. The latter duty devolved upon the appellant, and there was testimony tending to show that its officers and agents were notified from time to time of the defect in the car and the nature of such defect, and that demands had been made for the requisite repairs, or parts, which were never complied with. Under such circumstances, the neglect would be that of the appellant rather than of the appellee. There seems to be some contention that the appellee should have repaired the car by taking parts from other cars, but the testimony fails to show that he was re-

quested so to do, or that he was authorized to dismantle one car for the purpose of repairing another. The question of fault in failing to keep the car in proper repair was for the jury, therefore, and not for the court.

It is next contended that the appellee assumed the risk. Unless otherwise provided by law, every servant assumes the ordinary risk incident to his employment, and also extraordinary risks arising from the negligence of the master or fellow servants, if the danger is fully known to and appreciated by him. But there was testimony in this case tending to show that the appellee objected to using the car on the return trip just before the accident, because of its defective condition, and that the foreman directed him to do so, promising to get in touch with the storekeeper at Deer Lodge and the superintendent and see if he could not have the car replaced on the following day. And, where a servant proceeds with dangerous work by order of the master, the rule is well settled that he will not be deemed to have assumed the risk, unless the danger was so apparent and so manifest that a person of ordinary prudence and caution would not have incurred it. Goldthorpe v. Clark-Nickerson Lumber Co., 31 Wash. 467, 71 P. 1091, and cases there cited. The question of assumption of risk was therefore for the jury.

August 17, 1928, four days after receiving the injuries complained of, the appellee signed a general release, releasing the appellant from all claims and demands whatsoever arising out of the personal injuries sustained in the accident. This release was interposed as a defense, and the appellee, in his reply, alleged that, if he signed any such release, he did so after he became weary and fatigued from hours of importunity on the part of the appellant's claim agent, while under the influence of opiates administered to relieve the pain caused by his injuries, and without any knowledge of the extent of his injuries, and that he had no knowledge of signing any such paper, or release, until he was so informed by the claim agent several weeks later. Under the old practice, a release of this kind could not be avoided for fraud or mistake in an action at law, but that rule no longer obtains. Whitney v. Johnson, 14 F.(2d) 24. Whether the parties were entitled, on a proper request, to have the equitable issue first determined by the court, we need not inquire, because the entire issues of nonexecution of the release, fraud, and mistake were submitted to the jury without objection. The testimony tending to show that the appellee did

not consciously execute the release is very unsatisfactory, but we agree with the court below, in its opinion on motion for new trial, that the jury was warranted in finding that the release was executed through mutual mistake or was induced by fraud on the part of the claim agent for the appellant. We think it is a fair inference from the testimony that the parties were mistaken as to the nature and extent of the injuries suffered by the appellee, or that, if the nature and extent of the injuries were known to the appellant, his true condition was concealed from him. Perhaps the jury did not look with much favor upon a release obtained so soon after the injury, while the appellee was confined in the hospital, without opportunity to consult counsel or friends, but, be that as it may, the verdict is so far supported by the testimony that the courts are not at liberty to interfere.

December 24, 1929, the jury returned a verdict in favor of the plaintiff in the sum of $20,000, with interest at 8 per cent. per annum from January 24, 1929. By motion for new trial, the appellant challenged that portion of the verdict awarding interest, but the motion was denied, and the ruling is assigned as error. The appellee relies, in a measure at least, upon a statute of Montana which provides that, in an action for breach of an obligation not arising from contract, interest may be given in the discretion of the jury. Revised Codes of Montana, 1921, § 8663. But it seems that statutes such as that existing in Montana are not controlling in personal injury actions arising under the Federal Employers' Liability Act (45 USCA §§ 51–59). Norton v. Erie R. Co., 163 App. Div. 468, 148 N. Y. S. 771; Bennett v. Atchison, T. & S. F. Ry. Co., 187 Iowa, 897, 174 N. W. 805; Ches. & Ohio Ry. v. Kelly, 241 U. S. 485, 36 S. Ct. 630, 60 L. Ed. 1117, L. R. A. 1917F, 367. In the latter case the Supreme Court said: "But the question of the proper measure of damages is inseparably connected with the right of action, and in cases arising under the Federal Employers' Liability Act it must be settled according to general principles of law as administered in the federal courts." Treating the question, then, as one of general law, our own decisions are controlling. In Burrows v. Lownsdale (C. C. A.) 133 F. 250, and The Argo (C. C. A.) 210 F. 872, it was held that interest is not allowable on claims for personal injuries until the amount of the damages has been judicially ascertained, distinguishing such cases from actions for loss of or injuries to property. Judgment should have been entered, therefore, for the amount of the verdict without interest, and for costs; and it will be so modified.

As thus modified, the judgment is affirmed.