Sharon L. TOSCANO, Plaintiff,

v.

BURLINGTON NORTHERN RAILROAD COMPANY, a Delaware corporation, Defendant.

No. CV–86–046–GF–PGH.

United States District Court, D. Montana, Great Falls Division.

July 13, 1987.

John Hoyt, Hoyt & Blewett, Great Falls, Mont., for plaintiff.

J. Michael Young, Jardine, Stephenson, Blewett & Weaver, Great Falls, Mont., for defendant.

## MEMORANDUM AND ORDER

HATFIELD, District Judge.

This action, prosecuted under the Federal Employers' Liability Act ("FELA"), 45 U.S.C. §§ 51 *et seq.*, is before the court on motion of the defendant, Burlington Northern Railroad Company ("Burlington Northern"), requesting the court to enter partial judgment on the pleadings in its favor with respect to the claims advanced by Counts III, IV and V of the plaintiff's complaint.[1] The issues presented by the motion of Burlington Northern are ripe for disposition.

### EMOTIONAL INJURY UNDER THE FELA

That portion of the plaintiff's complaint denominated Count III, asserts a claim for relief for emotional injury, allegedly occasioned by continued threats, harassment, intimidation and/or discrimination inflicted upon the plaintiff by her fellow employees. The plaintiff, Sharon Toscano, seeks compensation from the Burlington Northern for the emotional injury she has purportedly sustained, predicating liability upon the

Burlington Northern's alleged nonfeasance in providing Toscano with a safe place to work.

■ The court understands the position of the Burlington Northern to be that wholly emotional/mental injury is not cognizable under the FELA.[2] The Burlington Northern cites the recent decision of the United States Supreme Court in the case of *Atchison, Topeka & Santa Fe Railway Co. v. Buell,* —— U.S. ——, 107 S.Ct. 1410, 94 L.Ed.2d 563 (1987) as supportive of its position. The Burlington Northern's reliance upon the *Buell* decision, however, is clearly misplaced. The Supreme Court expressly stated that it was not "agreeing or disagreeing" with the merits of the Ninth Circuit Court of Appeals' discussion relating to the compensability of emotional injury under the FELA. *Id.,* at p. 1418. The sole issue resolved by the Court was "whether the possibility of pursuing a labor grievance under the [Railway Labor Act] deprives an employee of his right to bring an FELA action." *Id.,* at p. 1412. Consequently, the precedent in this circuit recognizing the right of railroad employees to assert claims under the FELA for "wholly mental injury" stands unassailed. *See, Taylor v. Burlington Northern Railroad Company,* 787 F.2d 1309 (9th Cir.1986); *Buell v. Atchison, Topeka & Santa Fe Railway Co.,* 771 F.2d 1320 (9th Cir.1985). Toscano has stated a claim by way of Count III of her complaint sufficient to withstand summary dismissal.

### CLAIMS BASED UPON COMMON LAW DUTY IMPOSED UNDER STATE LAW

By way of Count IV of her complaint, Toscano seeks compensation from the Burlington Northern for its alleged breach of a

---

1. The defendant has denominated the motion *sub judice* as a motion for partial summary judgment. The court views the motion as one seeking partial judgment on the pleadings. Rule 12(c), Fed.R.Civ.P.

2. Characterizing Toscano's claim of negligent infliction of emotional injury as, essentially, a claim of discrimination on the basis of sex, Burlington Northern presents the specious argument that the claim must be prosecuted in ac-

cordance with the prescriptions of Title VII of the Civil Rights Act of 1964 (42 U.S.C. §§ 2000e *et seq.*).

The fact that the emotional injury of which Toscano complains may have been caused by continued harassment based upon, *inter alia,* sexual innuendos does not transform the claim into an action for sex discrimination. The argument of Burlington Northern to the contrary is meritless.

common law duty of "good" faith and "fair dealing" which, Toscano submits, attends the relationship between the Burlington Northern and its injured workers; a relationship which Toscano characterizes as fiduciary in nature. The upshot of Toscano's argument is that the Burlington Northern, as a self-insurer for purposes of the FELA, is subject to the duty of good faith and fair dealing which the common law of Montana imposes upon all insurers with respect to claim settlement practices. *See, Ogden v. Montana Power Co.,* 747 P.2d 201, 44 St.Rep. 330; *rehearing granted* (1987). Because the FELA does not specifically address the problem of unfair claims settlement practices, so the argument goes, the duties extant in the common law of the various forum states are not preempted by the FELA.

■ While the proposition advanced by Toscano possesses inherent appeal, the court is unaware of any authority, and indeed Toscano fails to cite any authority, which directly, or by analogy, supports her novel proposition. The rights and liabilities of an employee and employer subject to the provisions of the FELA depend upon the terms of the Act itself and applicable principles of common law, as interpreted and applied by the federal courts. *See, Chesapeake & Ohio Ry. Co. v. Kuhn,* 284 U.S. 44, 52 S.Ct. 45, 76 L.Ed. 157 (1931). The FELA presents the exclusive remedy in all actions falling within the ambit of the Act, to the exclusion of the common and statutory law of the several states. *Erie Railroad Co. v. Winfield,* 244 U.S. 170, 37 S.Ct. 556, 61 L.Ed. 1057 (1917).

■ Employers subject to the terms of the FELA are protected, in a sense, from the nuances of law of the several states. The desire for uniformity which prompted Congress to enact the FELA precludes Toscano from imposing liability upon the Burlington Northern for actions relating to an FELA claim, when the liability is predicated upon a duty having its genesis in state law. Consequently, the Burlington Northern is entitled to judgment on the pleadings with respect to Toscano's claim for damages emanating from Burlington North-

ern's alleged "bad faith" settlement practices.

## PUNITIVE DAMAGES

■ Count V of Toscano's complaint advances a claim for punitive damages. Contrary to Toscano's assertion, only compensatory damages are available in FELA actions. *Michigan Central Railroad Co. v. Vreeland,* 227 U.S. 59, 71–72, 33 S.Ct. 192, 196, 57 L.Ed. 417 (1913); *Gulf Colorado and Santa Fe Railway Co. v. McGinnis,* 228 U.S. 173, 175–176, 33 S.Ct. 426, 427, 57 L.Ed. 785 (1913). Guided by the rationale espoused in *Vreeland* and *McGinnis,* the Sixth Circuit Court of Appeals has expressly held that punitive damages, being "nonpecuniary" in nature, are not recoverable under the FELA. *Kozar v. Chesapeake and Ohio Railway Company,* 449 F.2d 1238, 1240–1243 (6th Cir.1971).

Toscano urges this court to reject the holding of *Kozar,* characterizing the rationale employed by the court as "arbitrary." The rationale of *Kozar,* however, has been cited with approval by the Court of Appeals for this Circuit. *See, Kopczynski v. The Jacqueline,* 742 F.2d 555, 560 (9th Cir. 1984). Addressing the recoverability of punitive damages under the Jones Act, 46 U.S.C. § 688, the court in *Kopczynski* expressly acknowledged that because only compensatory damages are available under the FELA, punitive damages are not recoverable under the Jones Act. *Id.,* at 560. The Jones Act, of course, incorporates, by reference, the standards of the FELA. The court in *Kopczynski* emphasized that any argument pertaining to the propriety of punitive damages in actions under the Jones Act ought to be addressed to Congress. *Id.,* at 561. That conclusion applies with equal force in the context of the FELA.

Toscano suggests the rationale expressed by the United States Supreme Court in *Silkwood v. Kerr–McGee Corp.,* 464 U.S. 238, 104 S.Ct. 615, 78 L.Ed.2d 443 (1984), regarding the preemptive effect of the Atomic Energy Act upon the state common law remedies for personal injury, implicitly rejects the *Kozar* rationale as it

pertains to claims for punitive damages under the FELA. The holding of *Silkwood*, however, is inapposite to the issue of whether punitive damages are available under the FELA.

The Court's conclusion in *Silkwood*, that the enactment of the Atomic Energy Act did not serve to preempt the recovery of damages under state law for personal injuries caused by exposure to hazardous nuclear materials, was based upon the absence of any congressional expression that preemption of state-law remedies was intended. 464 U.S. at 248–251, 104 S.Ct. at 621–23. That lack of expression, coupled with the fact that no federal remedial scheme for such injuries was established, compelled the Court to reject the notion that the structure and purpose of the Atomic Energy Act reflected a congressional intent to preempt state-law remedies for personal injury.

By enacting the FELA, Congress undertook to "cover the subject of the liability of railroad companies to their employees injured while engaged in interstate commerce." *North Carolina R.R. Co. v. Zachary*, 232 U.S. 248, 256, 34 S.Ct. 305, 307, 58 L.Ed. 591 (1914). As repeatedly expressed by the United States Supreme Court, the remedial provisions of the FELA are comprehensive and exclusive. *New York Central R.R. Co. v. Winfield*, 244 U.S. 147, 151–152, 37 S.Ct. 546, 548, 61 L.Ed. 1045 (1917). Unlike the situation addressed by the Court in *Silkwood*, the congressional intent to preempt the application of state remedial tort law to all cases falling within the ambit of the FELA, is implicit in the structure and purpose of that Act. *See, Jones v. Rath Packing Co.*, 430 U.S. 519, 525, 97 S.Ct. 1305, 1309, 51 L.Ed.2d 604 (1977); *see also, Pacific Gas & Electric v. State Energy Resources Conservation & Development Comm'n.*, 461 U.S. 190, 203–204, 103 S.Ct. 1713, 1721–1722, 75 L.Ed.2d 752 (1983).

For the reasons set forth herein,

IT IS HEREBY ORDERED:

(1) That the defendant's motion requesting the court to enter judgment on the pleadings in its favor with respect to the claim advanced by Count III of the plaintiff's complaint is DENIED;

(2) That the defendant's motion requesting the court to enter judgment on the pleadings with respect to the claims advanced by Counts IV and V of the plaintiff's complaint is GRANTED.