**Dallas WILDMAN, Plaintiff-Appellant,**

v.

**BURLINGTON NORTHERN
RAILROAD COMPANY,
Defendant-Appellee.**

No. 86–4194.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted June 2, 1987.

Decided Aug. 24, 1987.

William G. Jungbauer, Minneapolis, Minn., for plaintiff-appellant.

Randy J. Cox, Missoula, Mont., for defendant-appellee.

Before POOLE, FERGUSON and CANBY, Circuit Judges.

FERGUSON, Circuit Judge:

The plaintiff, Dallas Wildman, sued his employer, the Burlington Northern Railroad Company, under the Federal Employers Liability Act ("FELA" or "the Act"), 45 U.S.C. §§ 51–59, when he was injured in the course of his employment. The jury awarded him $160,000 in damages. He now appeals the district court's denial of his motion for prejudgment interest and to amend his complaint to request punitive damages. We affirm the district court.

## I.

In February 1984, the plaintiff, a brakeman for the Burlington Northern Railroad Company, was injured when his train made an emergency stop and he was thrown about the caboose in which he was riding. On October 1, 1984, Wildman brought suit under the FELA, 45 U.S.C. §§ 51–59.

Wildman subsequently filed a motion to amend his complaint to assert "a punitive damages count under federal and/or state law." The district court denied the motion to amend, on the grounds that punitive damages are not recoverable under the FELA, and that the FELA is an exclusive remedy. The plaintiff then moved for reconsideration of the order, and, after briefing, the court denied the plaintiff's motion.

The case proceeded to trial before a six-person jury. Pursuant to stipulation, a U.S. magistrate presided. In April 1986, the jury returned its verdict in favor of the plaintiff, awarding him $160,000 in damages. After judgment was entered, Wildman filed a motion asking the court to award prejudgment interest, and to reconsider his request for punitive damages. The district court denied both motions.

The court stated that prejudgment interest was not available in the plaintiff's action, under prevailing statutory and case law. As to the issue of punitive damages, the court stated that there was no reason to reconsider its earlier order denying plaintiff's motion. Plaintiff timely appealed.

## II.

Whether punitive damages and prejudgment interest are available under the FELA are questions of law, reviewable de novo. *See United States ex rel. Morgan & Son Earth Moving, Inc. v. Timberland Paving & Constr. Co.*, 745 F.2d 595, 599 (9th Cir.1984) (availability of damages under the Miller Act is a question of law subject to de novo review).

Whether the FELA is an exclusive remedy, precluding reliance on state law causes of action as to damages, is reviewable de novo as a question of statutory interpretation. *See Trustees of Amalgamated Ins. Fund v. Geltman Industries, Inc.*, 784 F.2d 926, 929 (9th Cir.) (ERISA), *cert. denied,* — U.S. —, 107 S.Ct. 90, 93 L.Ed.2d 42 (1986); *Enos v. Marsh*, 769 F.2d 1363, 1367 (9th Cir.1985) (Endangered Species Act).

## III.

Plaintiff argues that the district court erred in denying his motion for leave to amend his complaint to include a request for punitive damages. In denying the plaintiff's motion, the district court relied on the decisions of the Sixth Circuit in *Kozar v. Chesapeake & Ohio Ry.*, 449 F.2d 1238 (6th Cir.1971), and of this court in *Kopczynski v. The Jacqueline*, 742 F.2d 555 (9th Cir.1984), *cert. denied,* 471 U.S. 1136, 105 S.Ct. 2677, 86 L.Ed.2d 696 (1985), to hold that punitive damages are unavailable under the FELA as a matter of law.

The Sixth Circuit is the only circuit to have ruled directly on the availability of punitive damages under the FELA. In *Kozar,* the court interpreted some early decisions of the Supreme Court as "clear, unambiguous statements ... holding that damages recoverable under the Act are

compensatory only." *Kozar*, 449 F.2d at 1241–42 (citing *Gulf, C. & S.F. Ry. Co. v. McGinnis*, 228 U.S. 173, 33 S.Ct. 426, 57 L.Ed. 785 (1913); *Michigan Cent. R.R. v. Vreeland*, 227 U.S. 59, 33 S.Ct. 192, 57 L.Ed. 417 (1913); *American R.R. of P.R. v. Didricksen*, 227 U.S. 145, 33 S.Ct. 224, 57 L.Ed. 456 (1913)). Plaintiff argues that as a decision of the Sixth Circuit, *Kozar* is not controlling precedent for this court, and that as its reasoning is erroneous, it should be rejected.

Plaintiff's first argument ignores decisions of this circuit that have reached the same conclusion as the *Kozar* court on the availability of noncompensatory or punitive damages in two cases decided under the Jones Act.[1] *See Nygaard v. Peter Pan Seafoods, Inc.*, 701 F.2d 77 (9th Cir.1983); *Kopczynski*, 742 F.2d 555. In *Kopczynski*, this court stated that "[p]rior to enactment of the Jones Act in 1920, it had been established that only compensatory damages were available in FELA actions." 742 F.2d at 560 (citing *Vreeland*, 227 U.S. at 71–72, 33 S.Ct. at 196–197; and *McGinnis*, 228 U.S. at 175–76, 33 S.Ct. at 427). The *Kopczynski* court also referred to the *Kozar* decision as support for its position. *Id.*

While *Kopczynski*, strictly interpreted, holds only that punitive damages are unavailable under the Jones Act, the dictum in that case on the unavailability of such damages under the FELA, and the well-settled principle that the same standards apply under each statute, indicate that in adopting the *Kozar* approach in *Kopczynski*, this court has established its position.

Plaintiff's argument that this conclusion contravenes congressional intent is without merit. Plaintiff argues that punitive damages were available at common law prior to the enactment of the FELA, and that it

was Congress's expressed intent in enacting the law not to limit any existing remedies. *See* 45 Cong.Rec. 4048 (1910). Therefore, plaintiff concludes, Congress must have intended to incorporate the common law remedy of punitive damages in the federal statute.

The *Kozar* court also addressed this argument and, while conceding both the availability of punitive damages at common law[2] and the intent of Congress not to limit or abrogate existing common law remedies, concluded that "it is a mistake to characterize the right to recover punitive damages at common law a 'common law remedy.'" 449 F.2d at 1240. The *Kozar* court distinguished between a remedy as the means employed to enforce a right or redress an injury and damages as a measure of injury. *Id.*

Plaintiff also argues that the legislative history of the 1910 amendments to the Act demonstrate that Congress intended that punitive damages be available under the FELA. He notes that the Judiciary Committee recommended that the proposed section 9 of H.R. 17263,[3] establishing the survivability of the right of action of a deceased plaintiff, should be amended to include the proviso that "in such cases the recovery shall be limited to compensatory damages." 45 Cong.Rec. 2253 (1910). After a lengthy discussion, a proposal to strike from the proposed amendment the words limiting recovery to compensatory damages was passed unanimously. 45 Cong.Rec. 2260 (1910). Plaintiff concludes that this rejection demonstrates that Congress intended the FELA to be construed without the limitation to compensatory damages.

It is true that the rejection of a limiting amendment may demonstrate congression-

---

1. The Jones Act, 46 U.S.C. § 688, governs personal injury suits of seamen injured in the course of their employment, and incorporates by reference the standards of the FELA. *Kopczynski*, 742 F.2d at 560.

2. The *Kozar* court pointed out that most of the cases relied upon there for the argument that punitive damages were available against the railroads at common law involved intentional torts rather than negligence. 449 F.2d at 1240.

3. Section 9 reads:

   That any right of action given by this Act to a person suffering injury shall survive to his or her personal representative, for the benefit of the surviving widow or husband and children of such employee, and, if none, then of such employee's parents; and, if none, then of the next of kin dependent upon such employee. 45 Cong.Rec. 2253 (1910).

al intent that a statute be construed without limitation. *See Norwegian Nitrogen Prods. Co. v. United States,* 288 U.S. 294, 53 S.Ct. 350, 77 L.Ed. 796 (1933). In this case, however, the plaintiff's reading of the legislative history on which he bases his assertion is flawed. The excerpts from the *Congressional Record* on which the plaintiff relies are at best inconclusive. While there are statements in the legislative history that appear to indicate that individual congressmen believed that punitive damages were available to an injured employee and would remain so after amendment,[4] other passages indicate that some representatives believed that the limiting instruction embodied the existing state of the law, and was therefore unnecessary.[5]

We conclude that the legislative history is ambiguous and inconclusive. It therefore does not support the plaintiff's assertion that Congress's rejection of proposed limiting language demonstrates the legislative intent that the statute be construed without limitation. We therefore reaffirm the conclusion expressed in dictum in *Kopczynski* that punitive damages are unavailable under the FELA.

## IV.

Plaintiff argues that if punitive damages are unavailable under the FELA, he may resort to state-law causes of action to recover them, since their unavailability under the federal statute compels the conclusion that Congress has not legislated in this area, leaving the states free to act.

Plaintiff's argument ignores the well-settled principle that the FELA provides the sole and exclusive remedy for injured employees of railroad carriers engaged in interstate commerce. In *Vreeland,* the Supreme Court stated "in respect of state legislation prescribing the liability of such carriers for injuries to their employes while engaged in interstate commerce this act is

4. *See* 45 Cong.Rec. 2257, 2258 (1910).

5. *See* 45 Cong.Rec. 2254 (1910).

6. *Contra Illinois C.R. Co. v. Stovall,* 207 Ky. 218, 268 S.W. 1113 (1925) (state law governs the interpretation of the FELA). This decision is

paramount and exclusive." 227 U.S. at 67, 33 S.Ct. at 194. Subsequently, in *New York Cent. & H.R. R.R. v. Tonsellito,* 244 U.S. 360, 37 S.Ct. 620, 61 L.Ed. 1194 (1917), the Court explained, referring to earlier decisions construing the statute, that:

the act "is comprehensive and also exclusive" in respect of a railroad's liability for injuries suffered by its employees while engaging in interstate commerce.... Congress having declared when, how far, and to whom carriers shall be liable on account of accidents in the specified class, such liability can neither be extended nor abridged by common or statutory laws of the State.

*Id.* at 361–62, 37 S.Ct. at 621; *see also Kelsaw v. Union Pac. R.R.,* 686 F.2d 819 (9th Cir.1982), *cert. denied,* 459 U.S. 1207 (1983) (applying *Vreeland* and *Tonsellito* to dismiss a claim for loss of consortium as unavailable under FELA, which provides an exclusive remedy).[6]

Thus, while the Act does not have the effect of rendering all state statutes relating to carriers invalid, it limits their application when the carrier is involved in interstate commerce. *Boston & Me. R.R. v. Armburg,* 285 U.S. 234, 52 S.Ct. 336, 76 L.Ed. 729 (1932).

The district court correctly found that the FELA controlled the rights and remedies available to the plaintiff. The plaintiff alleged in both his complaint and his amended complaint that the defendant was operating in interstate commerce, and 45 U.S.C. § 51 applies to common carriers by railroad "engaging in commerce between any of the several States." Accordingly, the district court was not in error in denying the plaintiff leave to amend to state a claim for punitive damages under a state law cause of action.

## V.

Plaintiff argues that the district court erred in denying his motion for prejudg-

aberrational. The clear weight of authority is that actions under FELA are governed by the statutes themselves and common law principles, as applied in the federal courts. *See* 10 A.L. R.Fed 511, 547.

ment interest. In denying the plaintiff's motion, the magistrate relied on *Chicago, M., St. P. & P. R.R. v. Busby,* 41 F.2d 617 (9th Cir.1930), in which this court held that prejudgment interest was unavailable under the Act. Plaintiff concedes that *Busby* is the controlling law in the Ninth Circuit, but urges the panel to abandon that decision as being based on "an outdated distinction between liquidated and unliquidated damages which has traditionally barred personal injury plaintiffs from recovering prejudgment interest."

The FELA does not by its terms provide for prejudgment interest. Title 28 U.S.C. § 1961 provides that "[i]nterest shall be allowed on any money judgment in a civil case recovered in a district court," but is silent as to any distinction between prejudgment and postjudgment interest. Thus, by its silence, section 1961 neither specifically allows nor forbids prejudgment interest. *See Rodgers v. United States,* 332 U.S. 371, 373, 68 S.Ct. 5, 6, 92 L.Ed. 3 (1947) (construing section 1961's predecessor, former section 811). The prevailing view is that section 1961 relates only to interest recoverable on the judgment itself, and does not preclude the award of prejudgment interest. *E.g., Frederick v. Mobil Oil Corp.,* 765 F.2d 442, 449 (5th Cir. 1985); *Bricklayers' Pension Trust Fund v. Taiariol,* 671 F.2d 988, 989 (6th Cir. 1982). Accepting that view, we are left with the question whether the FELA itself authorizes prejudgment interest. To resolve that issue, we must examine the congressional purpose in enacting the legislation in light of the general principles deemed relevant by the Supreme Court. *See Rodgers,* 332 U.S. at 373, 68 S.Ct. at 6.

Although the *Busby* court did not expressly follow this methodology in concluding that prejudgment interest was unavailable in a FELA action, other circuits which have addressed the question in this manner have reached the same conclusion. *See Wilson v. Burlington N. R.R.,* 803 F.2d 563, 563 (10th Cir.1986), *cert. denied,* —— U.S. ——, 107 S.Ct. 1604, 94 L.Ed.2d 790 (1987).

The plaintiff primarily argues that this court abandon *Busby,* as a matter of policy, because in holding that interest is not allowable in personal injury claims until the amount of damages has been judicially ascertained, the court in *Busby* relied on an outdated distinction between liquidated and unliquidated damages. Noting that the primary goal of prejudgment interest is full compensation to the injured party, the plaintiff cites a patent infringement case, *General Motors Corp. v. Devex Corp.,* 461 U.S. 648, 103 S.Ct. 2058, 76 L.Ed.2d 211 (1983), to demonstrate the Supreme Court's adoption of this approach and abandonment of the traditional view treating prejudgment interest as a penalty.

■ While plaintiff's arguments may be sound as to a desirable policy of full compensation for injured parties, such policy arguments must be addressed to Congress. *See Kopczynski,* 742 F.2d at 561 (policy arguments about punitive damages must be addressed to Congress). The district court correctly determined, therefore, that prejudgment interest is not available under the FELA.

The decision of the district court is AFFIRMED.