81 F.3d 170
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Joe STIFFARM, Plaintiff-Appellant,
v.
BURLINGTON NORTHERN RAILROAD COMPANY, a Delaware
corporation, Defendant-Appellee.
 No. 95-35136.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Feb. 7, 1996.
Decided April 1, 1996.
 
 Before: WRIGHT, HALL and TROTT, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 In this case we are concerned with two preemption questions. We must decide whether either the Railway Labor Act or the Federal Employers Liability Act preempts a railroad employee's state-law claim of intentional infliction of emotional distress. We also consider several issues arising from the trial of the employee's non-preempted claims.
 
 I. Preemption Issues
 
 3
 The district court ruled that the Railway Labor Act preempted Stiffarm's claim for intentional infliction of emotional distress. We hold that this decision was wrong, but we affirm because the Federal Employers' Liability Act preempts the state-law claim.
 
 A. Railway Labor Act Preemption
 
 4
 In Hawaiian Airlines v. Norris, 114 S.Ct. 2239 (1994), the Court took a narrow view of preemption under the RLA: "a state-law cause of action is not preempted by the RLA if it involves rights that exist independent of the collective-bargaining agreement." Id. at 2247. Hawaiian Airlines dictates that the RLA does not preempt Stiffarm's emotional distress claim. The "CBA is not the only source" of Stiffarm's right to be free from intentional infliction of emotional distress. 114 S.Ct. at 2246 (internal quotations omitted). "Wholly apart from any provision of the CBA, [the Railroad] had a state-law obligation" not to harass Stiffarm. Id.
 
 
 5
 The district court, in an order preceding the Hawaiian Airlines decision, determined that because the Railroad's conduct could "serve as the basis for grievance procedures," the dispute was " 'arguably' governed by the collective bargaining agreement." The Court rejected this rationale in Hawaiian Airlines:
 
 
 6
 "[E]ven if dispute resolution pursuant to a collective bargaining agreement, on the one hand, and state law, on the other, would require addressing precisely the same set of facts, as long as the state-law claim can be resolved without interpreting the agreement itself, the claim is 'independent' of the agreement...."
 
 
 7
 Id. at 2249 (quoting and adopting standard of Lingle v. Norge Div. of Magic Chef, Inc., 486 U.S. 399, 408-10)).
 
 
 8
 We find unpersuasive the Railroad's argument that preemption is required because its right to perform an informal investigation is an implied term of the CBA. Here, in contrast to the cases the Railroad cites, there is no dispute that the Railroad had an implied right under the CBA to investigate and interrogate Stiffarm. The only issue is the "purely factual inquiry" into whether the Railroad's conduct was sufficient to cause severe emotional distress.[1] Hawaiian Airlines, 114 S.Ct. at 2251. Compare Schlacter-Jones v. General Telephone, 936 F.2d 435, 440 (9th Cir.1991) (court held examination of CBA necessary to determine whether drug and alcohol screening was within powers granted to management); Douglas v. American Info. Technologies Corp., 877 F.2d 565, 571 (7th Cir.1989) (determination of whether working conditions were "extreme and outrageous" depended on interpretation of express and implied terms of CBA).
 
 
 9
 The Railroad points to nothing in the CBA that the court could interpret to determine the applicable standard of conduct for such an investigation. The RLA does not preempt Stiffarm's claim for intentional infliction of emotional distress.[2]
 
 B. FELA Preemption
 
 10
 The Railroad argues in the alternative that the Federal Employers' Liability Act, 45 U.S.C. § 51 (FELA) preempts Stiffarm's state-law claim. Whether the FELA provides a remedy for intentional infliction of emotional distress is debatable, see Consolidated Rail Corp. v. Gottshall, 114 S.Ct. 2396, 2403 n. 2 (1994). That question is not before us, however, because Stiffarm did not allege a cause of action under the FELA in this case. He split his claim, filing a FELA action in state court. We must determine only whether intentional infliction of emotional distress falls within the field Congress intended the FELA to occupy. If it does, Stiffarm may not resort to state law even if the FELA were to deny him a remedy.[3]
 
 
 11
 The FELA is " 'comprehensive and also exclusive' in respect of a railroad's liability for injuries suffered by its employees while engaging in interstate commerce....' " Wildman v. Burlington N.R.R., 825 F.2d 1392, 1395 (9th Cir.1987) (quoting New York Cent. & H.R. R.R. v. Tonsellito, 244 U.S. 360 (1917)); see also South Buffalo Ry. Co. v. Ahern, 344 U.S. 367, 371 (1953) ("[S]upplanting a patchwork of state legislation with a nationwide uniform system of liberal remedial rules, [the FELA] displaces any state law trenching on the province of the Act.").
 
 
 12
 To determine the scope of the FELA the Supreme Court looks to the language of the statute and common law developments. Gottshall, 114 S.Ct. at 2403. "The coverage of the [FELA] is defined in broad language, which has been construed even more broadly." Atchison, Topeka & Santa Fe R.R. Co. v. Buell, 480 U.S. 557, 561-62 (1987). Purely emotional injury falls within the scope of the Act. Gottshall, 114 S.Ct. at 2407-08 (FELA provides remedy for negligent infliction of emotional distress in limited circumstances). Although the statute explicitly creates a cause of action only for negligence, it has been interpreted to apply to intentional torts in some circumstances. See, e.g., Buell, 480 U.S. at 562 n. 8 (1987) (collecting cases); Taylor v. Burlington N. R.R., 787 F.2d 1309, 1314 (9th Cir.1986) (recognizing FELA claims for assault and harassment); Lancaster v. Norfolk & W. Ry., 773 F.2d 807, 812-13 (7th Cir.1986), cert. denied, 480 U.S. 945 (1987) (assault resulting in emotional injury; "application of the FELA to (at least some) intentional torts is too well settled to be questioned").
 
 
 13
 Because it has components of personal, though not necessarily physical, injury, intentional infliction of emotional distress is closely related to negligent infliction and to FELA-covered intentional torts such as assault. By contrast, it is markedly unlike the causes of action that courts have found to be outside the FELA's reach. See, e.g., Wharf v. Burlington Northern R.R. Co., 60 F.3d 631, 638 (9th Cir.1995) (FELA does not remedy wrongful termination); Bouchet v. Texas Mexican Ry. Co., 915 S.W.2d 107, 111 (Tex.1996) (FELA does not preempt state anti-discrimination statute). These factors lead us to conclude that intentional infliction of emotional distress is within the field Congress intended the FELA to occupy. Stiffarm's remedy, if he has one, must be found in the FELA.
 
 
 14
 We express no opinion as to whether or under what circumstances intentional infliction of emotional distress is actionable under the FELA. We leave that question for the parties to litigate in their state court FELA suit.
 
 II. CLAIMS RELATING TO DEFAMATION TRIAL
 A. Refusal to Instruct on Lack of Evidence
 
 15
 Stiffarm asked the court to read, as a jury instruction, the Railroad's response to a request for admission in which it admitted that "in the course of its investigation it found insufficient evidence that Joe Stiffarm had taken bribes, although there were two statements from witnesses that suggested Joe Stiffarm may have been involved in a plan to take bribes." Stiffarm claims the court abused its discretion when it refused to instruct the jury that there was no evidence that Stiffarm took kickbacks. As a result, he says, the Railroad was allowed to repeat the allegations, to Stiffarm's detriment.
 
 
 16
 Stiffarm in essence asked the court to direct the jury to find in his favor on the issue of falsity. He cites no valid legal grounds for his contention that the court was required to do so.
 
 
 17
 Judge Hatfield held that the proposed instruction would have restricted the Railroad's right to put on its case. He reasoned that "the railroad was clearly entitled to defend against Stiffarm's claim of defamation by presenting evidence to establish that affirmative statements of misconduct on the part of Stiffarm were communicated to the railroad by private parties." Stiffarm does not suggest that the Railroad was permitted to submit evidence that conflicted with its admission. And Stiffarm does not appear to have asked that the admission be entered into evidence. See Fed.R.Civ.Proc. 36 ("Any matter admitted under this rule is conclusively established.") There was no abuse of discretion.
 
 B. Joint and Several Liability
 
 18
 Stiffarm also argues that the court abused its discretion when it refused to instruct the jury that the principle of joint and several liability applied. The court correctly ruled that it should not instruct on joint and several liability because slander is "incapable of joint commission." Numerous cases hold that slander is an individual tort, and the "separate utterances, even of the same words, by different persons constitute distinct offenses." Ardoyno v. Ungar, 352 So.2d 320, 321 & n. 1 (La.App.1977). "Two or more individuals uttering slander against the same person cannot be held jointly liable" absent concerted action or conspiracy. Miles v. Perry, 529 A.2d 199, 204 (Conn.App.1987). See also Shuping v. Barber, 365 S.E.2d 712, 716 (N.C.App.1988) (same).
 
 
 19
 The language Stiffarm requested would have allowed the jury to hold the Railroad responsible for the defamatory statements made by the contractors. The court correctly refused to give the proffered instruction.
 
 C. Excluded Evidence
 
 20
 The district court excluded evidence from two of Stiffarm's witnesses, Tom Patrick and Linda Patrick-Hayes. The court found that Stiffarm failed to disclose this information in response to interrogatories, or to supplement the interrogatories when he learned, late in the discovery process, how they would testify.
 
 
 21
 Stiffarm claims that he was not required to supplement his discovery responses because the Railroad interviewed Tom Patrick, and Fed.R.Civ.P. 26 does not require supplementation if the information "otherwise has been made known to the other party during the discovery process." The court properly rejected this argument because an informal interview is not part of the discovery process. We note also that the Railroad interviewed only Tom. Linda's testimony, which was not disclosed in any fashion until three days before trial, was more damaging. Only she would have testified that Railroad officials discussed the kickbacks within earshot of Patrick's employees.
 
 
 22
 Stiffarm argues that the Railroad's counsel misrepresented his knowledge of Patrick's proposed testimony. Counsel, however, told the district court that, although he knew Railroad officials had talked to Patrick, he believed their conversations were privileged under the defamation statute. He said he had no knowledge that the conversations went beyond the scope of the investigation. Nothing in the record conflicts with this statement, and the district court apparently accepted this rationale. We find no abuse of discretion.
 
 CONCLUSION
 
 23
 Although the RLA does not preempt Stiffarm's emotional distress claim, the FELA does. There was no error in the court's rulings during trial. AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 In Sacco v. High Country Indep. Press, 271 Mont. 209, 896 P.2d 411 (1995), the court did away with the requirement that intentional infliction of emotional distress claims be restricted to "extreme and outrageous conduct." Rather, the court held, "[a]n independent cause of action for intentional infliction of emotional distress will arise under circumstances where serious or severe emotional distress to the plaintiff was the reasonably foreseeable consequence of the defendant's intentional act or omission." Id. at 238. While the breadth of this holding may suggest a conflict with other federal labor law, it does not affect the RLA preemption analysis. Nothing in Hawaiian Airlines suggests that the RLA prevents states from providing protections to workers that exceed the scope of the CBA
 
 
 [2]
 We also affirm the district court's denial of Stiffarm's motion to amend his complaint to add other state-law causes of action. None of the proposed amendments states a claim for which relief can be granted. Stiffarm's proposed cause of action "to compel Railroad to divulge all information" is moot because the railroad produced its file during discovery. The fraud claim fails as well because Stiffarm did not allege several of the basic elements of fraud by omission, including a duty to disclose and reliance. Finally, his reliance on the Montana case of Lauman v. Lee, 626 P.2d 830 (Mont.1981) is misplaced. Lauman requires that the plaintiff allege either an underlying tort or that he is entitled to compensatory damages because he has "suffer[ed] detriment from the unlawful act of another." Id. at 832-33 ("the finding of actual damages is the primary requisite step toward any award of exemplary damages"). Stiffarm has done neither
 
 
 [3]
 We reject Stiffarm's argument that it is a "Catch-22" to deny him access to a state-law remedy if the FELA affords no recovery for intentional infliction of emotional distress. That the FELA occupies the entire field of railroad employee injuries does not mean that every railroader's injury is compensable. For example, in Gottshall, 114 S.Ct. at 2410, the Court concluded that the FELA provides a remedy for negligent infliction of emotional distress, but only where the plaintiff's injury arose within the "zone of danger." Those outside the zone of danger have no cause of action, either under the FELA or under state law