In the Matter of the MARDOC ASBESTOS CASE CLUSTERS 1, 2, 5 AND 6 Transferred from the Northern District of Ohio to the Eastern District of Michigan by OAL Order 125.

Civ. A. No. 91–70468.

United States District Court, E.D. Michigan, S.D.

March 22, 1991.

Leonard C. Jaques, Jaques Admiralty Law Firm, P.C., Detroit, Mich., for plaintiffs.

Richard C. Binzley, Thompson, Hine & Flory, Cleveland, Ohio, for defendants.

MEMORANDUM OPINION AND ORDER GRANTING DEFENDANTS' MOTION TO STRIKE PLAINTIFFS' DEMAND FOR PUNITIVE DAMAGES

COHN and FRIEDMAN, District Judges.

This matter is presently before the court on defendants' motion to strike plaintiffs' demand for punitive damages. The parties have fully briefed the issue, in accordance with this court's order of February 13, 1991. On March 13, 1991, the court heard oral argument. For the reasons stated below, the court shall grant defendants' motion.

In these asbestosis actions, plaintiffs assert that punitive damages may be awarded both under the Jones Act, 46 U.S.C.App. § 688, and for unseaworthiness under general maritime law. After reviewing the relevant statutory and case authority, the court concludes that punitive damages may not be awarded under either of these claims.

*Jones Act*

46 U.S.C.App. § 688 states:

Any seaman who shall suffer personal injury in the course of his employment may, at his election, maintain an action for damages at law, with the right of trial by jury, and in such action all statutes of the United States modifying or extending the common-law right or remedy in cases of personal injury to railway employees shall apply; and in case of the death of any seaman as a result of any such personal injury the personal representative of such seaman may maintain an action for damages at law with the right of trial by jury, and in such action all statutes of the United States conferring or regulating the right of action for death in the case of railway employees shall be applicable....

Due to its reference to "railway employees," the Jones Act consistently has been construed as incorporating the rights and remedies of the Federal Employers' Liability Act (FELA), 45 U.S.C. § 51 et seq. *See, e.g., Miles v. Apex Marine Corp.,* — U.S. —, 111 S.Ct. 317, 325, 112 L.Ed.2d 275 (1990) ("Enacted in 1920, the Jones Act makes applicable to seamen the substantive recovery provisions of the older FELA"); *Mitchell v. Trawler Racer, Inc.,* 362 U.S. 539, 547, 80 S.Ct. 926, 931, 4 L.Ed.2d 941 (1960) (the Jones Act "extend[ed] to seamen the remedies made available to railroad workers under the Federal Employers' Liability Act"); *Kernan v. American Dredging Co.,* 355 U.S. 426, 431, 78 S.Ct. 394, 397, 2 L.Ed.2d 382 (1958) (the Jones Act "incorporates the provisions of the FELA"); *Cox v. Dravo Corp.,* 517 F.2d

620, 622 n. 2 (3rd Cir.1975) ("the judicial principles developed under the FELA are also applicable to the Jones Act"); *Toscano v. Burlington Northern Railroad Co.*, 678 F.Supp. 1477, 1479 (D.Mont.1987) ("The Jones Act, of course, incorporates, by reference, the standards of the FELA").

■ It has long been held that punitive damages are not available under FELA. *See, e.g., Gulf, Colorado and Santa Fe Railway Co. v. McGinnis*, 228 U.S. 173, 175–76, 33 S.Ct. 426, 427, 57 L.Ed. 785 (1913) (damages under FELA compensate "financial loss"); *Michigan Central Railroad Co. v. Vreeland*, 227 U.S. 59, 71–72, 33 S.Ct. 192, 196–197, 57 L.Ed. 417 (1913) (damages under FELA are limited to compensating "pecuniary loss"); *Wildman v. Burlington Northern Railroad Co.*, 825 F.2d 1392, 1395 (9th Cir.1987) ("punitive damages are unavailable under the FELA"); *Kozar v. Chesapeake and Ohio Railway Co.*, 449 F.2d 1238, 1243 (6th Cir. 1971) ("there is not a single case since the enactment of FELA in 1908 in which punitive damages have been allowed"); *Toscano, supra*, 678 F.Supp. at 1479.

■ Since punitive damages are unavailable under the FELA, and since the Jones Act incorporates the rights and remedies of the FELA, courts uniformly have held that punitive damages are unavailable under the Jones Act. *Bergen v. F/V St. Patrick*, 816 F.2d 1345, 1347 (9th Cir.1987) ("Punitive damages are nonpecuniary damages unavailable under the Jones Act"); *Kopczyknski v. The Jacqueline*, 742 F.2d 555, 560–61 (9th Cir.1984) (noting that FELA permits only compensatory damages, and that punitive damages, being "non-pecuniary," are not recoverable under the Jones Act); *Dyer v. Merry Shipping Co.*, 650 F.2d 622, 626 (5th Cir.1981) (expressing doubt as to the availability of punitive damages under the Jones Act, but not deciding the issue). *See also Miles v. Apex Marine Corp.*, —— U.S. ——, 111 S.Ct. 317, 325, 112 L.Ed.2d 275 (1990) ("Incorporating FELA unaltered into the Jones Act, Congress must have intended to incorporate the pecuniary limitation on damages as well").

At page three of their brief, plaintiffs acknowledge that "the weight of authority is against such recovery [of punitive damages] in view of the judicially imposed pecuniary loss limitation on compensatory damages recoverable under the Jones Act." While plaintiffs "do not concede that punitive damages are not recoverable under the Jones Act," *id.*, they do not cite even a single Jones Act case in which punitive damages were permitted. Accordingly, the court concludes that punitive damages may not be awarded under the Jones Act.

*General Maritime Law: Unseaworthiness*

■ Aside from the Jones Act, the only other basis for relief asserted in the complaint is that defendants maintained their vessels in an unseaworthy condition (*see* First Amended Complaint, para. 9, 19, 22). One commentator has described this doctrine as follows:

> The concept of seaworthiness in personal injury matters contemplates that a ship's hull, gear, appliances, ways, appurtenances and manning will be reasonably fit for its intended purpose....
>
> Unseaworthiness, in personal injury matters, does not necessarily mean that the defective condition be of such quality as to render the entire vessel unfit for the purpose for which it was intended. A defective condition of the vessel which proximately causes the seaman's injury makes her unseaworthy as to him.

Norris, *The Law of Seamen*, § 27:2, pp. 194–95 (4th ed. 1985).

Furthermore, seaworthiness is "a species of liability without fault and is not limited by conceptions of negligence. The duty of the shipowner to maintain a seaworthy vessel is an absolute one and exists *regardless of the shipowner's fault.*" *Id.* § 27:3, p. 200. Thus, seaworthiness has to do only with the *condition* of the vessel. Since a shipowner is strictly liable for injuries caused by unseaworthy conditions, his state of mind in allowing such conditions to exist is irrelevant in an action for unseaworthiness.

Plaintiffs' counsel acknowledges that the purpose of awarding punitive damages is "to punish the tortfeasor for the willful-

ness, wantonness or recklessness of his conduct and to make an example of him in the hope of future deterrence." Plaintiffs' Brief in Support of Their Right to Punitive Damages Under General Maritime Law, pp. 1–2. Indeed, the seminal Supreme Court case cited by plaintiffs, *The Amiable Nancy*, 16 U.S. (3 Wheat) 546, 558, 4 L.Ed. 456 (1818), involved "lawless misconduct" which rose to the level of "gross and wanton outrage, without any just provocation or excuse."

The *Amiable Nancy* was "a suit for a marine trespass," 16 U.S. at 546, not for unseaworthiness. Clearly, it was defendants' evil state of mind which made an award of punitive damages appropriate. Since punitive damages may be awarded only when such a showing is made, and since a defendant's state of mind is irrelevant in an action alleging an unseaworthy condition, the court concludes that punitive damages may not be awarded in an action for unseaworthiness.

That unseaworthiness involves only a vessel's *condition* is bolstered by the following jury instruction:

> Under the maritime law, every ship-owner or operator owes to every member of the crew employed aboard the vessel the non-delegable duty to keep and maintain the ship, and all decks and passageways, appliances, gear, tools, and equipment of the vessel, in a seaworthy *condition* at all time.
>
> To be in a seaworthy *condition* means to be in a *condition* reasonably suitable and fit to be used, for the purpose or use for which provided or intended. An unseaworthy *condition* may result from the lack of an adequate crew, the lack of adequate manpower to perform a particular task on the ship, or an improper use of otherwise seaworthy equipment.
>
> *Liability for an unseaworthy condition does not in any way depend upon negligence or fault or blame.* That is to say, the shipowner or operator is liable for all injuries and consequent damage proximately caused by an unseaworthy condition existing at any time, even though the owner or operator may have

exercised due care under the circumstances, and may have had no notice or knowledge of the unseaworthy *condition* which proximately caused the injury or damage.

Devitt, Blackmar and Wolff, *Federal Jury Practice and Instructions* § 95.11, p. 644 (1987) (emphasis added).

Further support for the court's conclusion is found in *Complaint of Cambria Steamship Co.*, 505 F.2d 517, 523 n. 11 (6th Cir.1974), *cert. denied*, 420 U.S. 975, 95 S.Ct. 1399, 43 L.Ed.2d 655, where the court stated:

> In an admiralty action it has been held that an individual claimant may not recover punitive damages absent a showing of gross negligence, actual malice or criminal indifference. Thus, *where the action is predicated upon unseaworthiness alone, punitive damages are not recoverable.*

(Emphasis added.)

If there were any doubt as to the availability of punitive damages, it has been put to rest by a recent decision of the Supreme Court. In *Miles v. Apex Marine Corp.*, —— U.S. ——, 111 S.Ct. 317, 112 L.Ed.2d 275 (1990), plaintiff's decedent was killed aboard ship by a fellow crewman while the ship was docked. Plaintiff, individually and as the administratrix of her son's estate, sued the vessel's owner, operator and charterer on theories of negligence under the Jones Act and unseaworthiness under general maritime law. Plaintiff "sought compensation for loss of support and services and loss of society resulting from the death of her son, punitive damages, and compensation to the estate for [decedent's] pain and suffering prior to his death and for his lost future income." 111 S.Ct. at 320.

The district court struck the claim for punitive damages at trial, and the availability of such damages was not an issue on appeal. The jury found defendants negligent and awarded damages (1) to plaintiff for the loss of support and services from her son, and (2) to decedent's estate for

pain and suffering. The jury also found that the ship was seaworthy.

The Fifth Circuit upheld the damages awards, but reversed the finding of seaworthiness. The Fifth Circuit then determined that although plaintiff's general maritime claim for unseaworthiness was revived, there can be no recovery under general maritime law for loss of society or for lost future earnings.

In affirming the court of appeals, the Supreme Court stated:

> We no longer live in an era when seamen and their loved ones must look primarily to the courts as a source of substantive legal protection from injury and death; Congress and the States have legislated extensively in these areas. In this era, an admiralty court should look primarily to these legislative enactments for policy guidance. We may supplement these statutory remedies where doing so would achieve the uniform vindication of such policies consistent with our constitutional mandate, but we must also keep strictly within the limits imposed by Congress. Congress retains superior authority in these matters, and an admiralty court must be vigilant not to overstep the well-considered boundaries imposed by federal legislation. These statutes both direct and delimit our actions.

111 S.Ct. at 323.

The Court examined two federal statutes which have created personal injury and wrongful death causes of action for seamen, the Jones Act and the Death on the High Seas Act (DOHSA), 46 U.S.C.App. § 761 et seq. The Court noted that both statutes limit recovery to compensating for "pecuniary loss," 111 S.Ct. at 325–26, and that "non-pecuniary loss, such as loss of society," is therefore unavailable under general maritime law. The Court explained:

> It would be inconsistent with our place in the constitutional scheme were we to sanction more expansive remedies in a judicially-created cause of action in which liability is without fault [referring to the Jones Act] than Congress has allowed in cases of death resulting from negligence.

111 S.Ct. at 326.

The Court also concluded that there is no right under general maritime law, in a wrongful death case, to lost future earnings, because such damages are unavailable under the Jones Act:

> We sail in occupied waters. Maritime tort law is now dominated by federal statute, and we are not free to expand remedies at will simply because it might work to the benefit of seamen and those dependent upon them. Congress has placed limits on recovery in survival actions that we cannot exceed. Because this case involves the death of a seaman, we must look to the Jones Act.
>
> ... Congress has limited the survival right for seamen's injuries resulting from negligence. As with loss of society in wrongful death actions, this forecloses more expansive remedies in a general maritime action founded on strict liability. We will not create, under our admiralty powers, a remedy disfavored by a clear majority of the States and that goes well beyond the limits of Congress' ordered system of recovery for seamen's injury and death. Because [decedent's] estate cannot recover for his lost future income under the Jones Act, it cannot do so under general maritime law.

111 S.Ct. at 328. The Court concluded by noting that it was acting "in accordance with the uniform plan of maritime tort law Congress created in DOHSA and the Jones Act." *Id.*

■ Applying this rule to the instant action, it seems clear that the court must restrict any damages plaintiff might recover to those which would compensative "pecuniary loss," as this is the limit on recovery under the Jones Act and DOHSA. Because punitive damages serve to punish wrongdoers and to deter those who might follow their example, and not to compensate plaintiff's losses, they are non-pecuniary. If the remedies under general maritime law may be no greater than those under these federal statutes, the court

must hold that punitive damages are unavailable to plaintiffs in these asbestosis actions.[1]

*Conclusion*

For all of the reasons stated above, the court concludes that punitive damages are not available under the Jones Act or under the general maritime law of unseaworthiness. Accordingly,

IT IS ORDERED that defendants' motion to strike plaintiffs' demand for punitive damages is granted.

SO ORDERED.

---

1. Plaintiffs assert that in *Vaughan v. Atkinson,* 369 U.S. 527, 531, 82 S.Ct. 997, 999, 8 L.Ed.2d 88 (1962), "the Supreme Court sustained a punitive damages award for a shipowner's 'willful and persistent' failure to pay an injured seaman his maintenance and cure." Plaintiffs' Brief in Support of Their Right to Punitive Damages Under General Maritime Law, pp. 3–4. *Vaughan* did not involve punitive damages. In *Vaughan,* the plaintiff seaman successfully sued the owner of the vessel on which he had served for maintenance and cure. The issue in *Vaughan* was whether the attorney fees plaintiff incurred in prosecuting his claim could be awarded as damages. The term "punitive damages" does not appear anywhere in Justice Douglas' opinion. The focus was on "necessary expenses," 369 U.S. at 530, 82 S.Ct. at 999, and on "reasonable" counsel fees, 369 U.S. at 531 n. 3, 82 S.Ct. at 1000 n. 3, not on punishment and deterrence. The Court found that plaintiff had incurred attorney's fees reasonably, because the shipowner had been "willful and persistent" in its failure to investigate his claim or to pay maintenance. 369 U.S. at 531. This willfulness and persistence was *not* cited as a justification for imposing punitive damages. Thus, *Vaughan* is neither supportive of plaintiffs' position, nor is it inconsistent with *Apex Marine.*