# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE
## IN AND FOR NEW CASTLE COUNTY

| | | |
|---|---|---|
| IN RE: ASBESTOS LITIGATION<br>ESTATE OF DENNIS W. FRANCO | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | C.A. N14C-01-285 (ASB) |
| CSX TRANSPORTATION, INC.<br>AND NORFOLK SOURTHERN<br>RAILWAY COMPANY, | ) ) ) ) | |
| Defendants. | ) | |
| IN RE: ASBESTOS LITIGATION<br>ESTATE OF JAMES M. NELSON | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | C.A. N13C-08-317 (ASB) |
| CSX TRANSPORTATION, INC.<br>AND NORFOLK SOUTHERN<br>RAILWAY COMPANY, | ) ) ) ) | |
| Defendants. | ) | |

Submitted: June 4, 2015
Decided: July 13, 2015

## <u>ORDER GRANTING MOTION TO DISMISS</u>

This 13th day of July, 2015, upon consideration of CSX Transportation,

Inc.'s and Norfolk Southern Railway's ("Railroad Defendants") Motions to

Dismiss (Trans. IDs 56597094 and 56588704); Plaintiffs Dennis W. Franco's and

James M. Nelson's ("Plaintiffs") responses (Trans. IDs 56745125 and 56745435) and the records in these matters, it appears to the Court that:

(1)  WHEREAS Plaintiffs Dennis W. Franco and James M. Nelson filed a First Amended Complaint in each matter on December 12, 2014 (Trans. ID 56466755) and December 15, 2014 (Trans. ID 56475534) respectively, alleging, *inter alia*, that each developed lung cancer as a result of wrongful exposure to asbestos;[1]

(2)  WHEREAS Plaintiff Franco was employed in Pennsylvania as a track repairman for Reading Company ("Reading"), and Plaintiff Nelson was employed in Pennsylvania as a machinist for Consolidated Rail Corporation ("Conrail"); but neither Plaintiff was ever employed by either of above-listed Railroad Defendants.[2]

(3)  WHEREAS Plaintiffs claim that Railroad Defendants are successors-in-interest to Reading and Conrail[3] and allege against the Railroad Defendants: common-law negligence, premises liability, and violations of federal, state, and local laws in addition to a claim under the Federal Employers' Liability Act ("FELA");

---

[1]  *See* Pl. Franco Am. Compl., ¶ 23; Pl. Nelson Am. Compl., ¶ 27.

[2]  *See* Pl. Franco Am. Compl., ¶ 20(a); Pl. Nelson Am. Compl., ¶ 24(a).

[3]  *See* Pl. Franco Am. Compl., ¶ 20(a); Pl. Nelson Am. Compl., ¶ 24(a).

(4)	WHEREAS Railroad Defendants argue that FELA provides the exclusive remedy to railroad carrier employees who suffer work-related injuries resulting from the employer's negligence.[4]	Plaintiffs did not respond to the Railroad Defendants' arguments in their opposition to the instant motion.	The Court will therefore **GRANT, as unopposed,** Railroad Defendants' motion and **DISMISS, with prejudice,** Counts I, II, III, XI, and XII of Plaintiff Franco's First Amended Complaint and Counts I, II, III, XI, XII, and XV of Plaintiff Nelson's First Amended Complaint.[5]

(5)	WHEREAS the Court must apply Delaware procedural law here, and thus Delaware's pleading standard governs here.	When a Complaint fails to state a claim upon which relief can be granted, dismissal is warranted.[6]

---

[4]	*See* 45 U.S.C. § 51 ("Every common carrier by railroad while engaging in commerce between any of the several states . . . shall be liable in damages to any person suffering injury while he is employed by such carrier in such commerce. . ."); *Erie R.R. Co. v. Winfield*, 244 U.S. 170, 172 (1917) (finding 45 U.S.C. § 51 "is intended to operate uniformly in all states, as respects to interstate commerce, and in that field it is both paramount and exclusive"); *New York Cent. R.R. Co. v. Winfield*, 244 U.S. 147, 151 (1917) (employer liability act is comprehensive and exclusive); *Sarik v. Pennsylvania R. Co.,* 68 F. Supp 630, 631 (W.D. Pa. 1946) (FELA is comprehensive, exclusive, and cannot be extended or abridged by state common or statutory law).

[5]	*See In re Asbestos Litig.*, 2007 WL 1651968, at \*6 (Del. Super. Ct. May 31, 2007) (deeming motions as to certain claims unopposed when answering brief did not address defendants' motions on those claims); *see also Emerald Partners v. Berlin*, 2003 WL 21003437, at \*43 (Del. Ch. Apr. 28, 2003), *aff'd*, 2003 WL 23019210 (Del. Dec. 23, 2003) ("It is settled Delaware law that a party waives an argument by not including it in its brief.").

[6]	*See* Super. Ct. Civ. R. 12(b)(6).

(6)     WHEREAS under Delaware's notice pleading requirements, a plaintiff need only state "a short and plain statement of the claim showing that the pleader is entitled to relief."[7]   However, a plaintiff must still plead each of the essential elements of his claim.[8]   In a case such as this, that includes the elements of alleged successor liability.

(7)     WHEREAS this Court has recognized that generally "where one company sells or otherwise transfers all of its assets to another company, the latter is not liable for the debts and liabilities of the transferor, including those arising out of the former's tortuous conduct."[9]   There are recognized exceptions, however, to that general rule where the avoidance of liability would be unjust.[10]   These exceptions include: (1) the buyer's express or implied assumption of the seller's liability; (2) a *de facto* merger or consolidation; (3) the predecessor's mere

---

[7]     Super. Ct. Civ. R. 8(a).

[8]     *See, e.g.*, *Simmons v. Truitt*, 2009 WL 3531799, at *4 (Del. Super. Ct. Oct. 20, 2009) ("Because [plaintiff] has failed to allege essential elements of the claim of malicious prosecution, that claim is dismissed for failure to state a claim."); *Eisenmann Corp. v. Gen. Motors Corp.*, 2000 WL 140781, at *22 (Del. Super. Ct. Jan. 28, 2000) (dismissing plaintiff's breach of an oral contract claim for failure to state the "essential elements of price, terms, and duration"); *see also Brown v. Perrette*, 1999 WL 342340, at *8 (Del. Ch. May 14, 1999) (dismissing plaintiff's disclosure claim because plaintiff "fail[ed] to plead an essential element of her claim").

[9]     *See Fountain v. Colonial Chevrolet Co.*, 1988 WL 40019, at *7 (Del. Super. Ct. Apr. 13, 1988) (citing *Fehl v. S.W.C. Corp.*, 433 F. Supp. 939 (D. Del. 1977)).

[10]     *See Fountain*, 1988 WL 40019, at *7.

continuation as a legal entity under a different corporate name; or (4) fraud.[11]  The

Plaintiff bears the burden of alleging "a core set of facts . . . in order to adequately

set forth the various exceptions to the general rule."[12]

(8)     WHEREAS Plaintiffs here each fail to allege such a core set of facts

necessary to establish successor liability.  Nowhere do the Plaintiffs set forth facts

indicating that the Railroad Defendants expressly or impliedly assumed Conrail's

or Reading's liability.[13]  Additionally, the Court can discern no allegations of a

continuation theory or of fraud.[14]

---

[11]     *See Furnari v. Wallpang, Inc.*, 2014 WL 1678419, at \*12 (Del. Super. Ct. Apr. 16, 2014) (exceptions to general rule include where "avoidance of liability would be unjust, the buying company contractually assumed the liability, or a *de facto* merger occurred"); *Magnolia's at Bethany, LLC v. Artesian Consulting Engineers, Inc.*, 2011 WL 4826106, at \*2 (Del. Super. Ct. Sept. 19, 2011) (setting forth four exceptions to general rule: buyers assumption of liability, *de facto* merger or consolidation, mere continuation of predecessor under a different name, or fraud); *Fountain*, 1988 WL 40019, at \*7 (discussing limited exceptions to general rule where avoidance of liability would be unjust, in a *de facto* merger or consolidation, and a predecessor's continuation under a different corporate name); *see also Spring Real Estates, LLC v. Echo/RT Holdings, Inc.*, 2013 WL 6916277, at \*4-5 (Del. Ch. Dec. 31, 2013) (discussion application of *de facto* merger and continuation theories in Delaware, and holding that the continuation exception is narrowly construed to require "the purchaser of the assets to be a continuation of 'the same legal entity,' not just a continuation of the same business in which the seller of the assets engaged").

[12]     *Magnolia's*, 2011 WL 4826106, at \*4 (dismissing plaintiff's complaint for failing to adequately plead elements of exceptions to the general rule on successor corporate liability); *see also Furnari*, 2014 WL 1678419, at \*12 ("A plaintiff bears the burden to 'adequately plead in its complaint the element of the alleged exceptions to [the] general rule' that asset purchasers do not bear 'successor corporate liability.'").

[13]     Nor do Plaintiffs recite the terms of or attach to their Complaints any applicable acquisition documents such as a purchase agreement between the entities that would demonstrate a contractual assumption of liabilities.  *See, e.g.*, *Spring Real Estates*, 2013 WL 6916277, at \*3 (considering Purchase Agreement attached to Complaint); *Furnari*, 2014 WL 1678419, at \*12 (looking to terms of purchase agreement to determine assumption of liability); *Magnolia's*, 2011

-5-

(9)    WHEREAS accepting all of the First Amended Complaints' remaining allegations as true, and drawing all reasonable inferences in Plaintiffs' favor as the non-moving parties, the Court finds that Plaintiffs have failed to plead the necessary elements of successor liability against these Railroad Defendants.

(10)    Railroad Defendants' Motions to Dismiss are **GRANTED** and any remaining counts against these Railroad Defendants are **DISMISSED, with prejudice.**[15]

**IT IS SO ORDERED.**

                                                          */s/ Paul R. Wallace*_____
                                                    **PAUL R. WALLACE, JUDGE**

Original to Prothonotary
Cc: All counsel via File&Serve

---

WL 4826106, at \*3 (looking to terms of purchase agreement to determine if *de facto* merger exception applied); *Fountain*, 1988 WL 40019, at \*7.

[14]    *See Magnolia's*, 2011 WL 4826106, at \*3-4 (discussing elements of continuation theory, including whether "entities [had] common officers, directors and shareholders" and whether "both remained as separate legal entities after the asset sale.").

[15]    The Court grants these dismissals with prejudice because:  (1) the Court granted Railroad Defendants' first motion to dismiss on this same issue after a hearing on October 23, 2014; (2) the Court there did grant Plaintiffs leave to file these First Amended Complaints. (Trans. I.D. 56239418); and (3) even with the opportunity to remedy the deficiencies (if they could be), Plaintiffs' amended complaints still fail to plead the necessary elements of successor liability against these Railroad Defendants.  There should be no re-re-do—dismissal with prejudice is now appropriate.